CALEB JONES, Plaintiff in Error, v. MARSHALL SMITH et al., Defendant in Error.

ERROR TO SCOTT.

*A plea in bar to a bill in chancery, showing a final decree in a former suit, where the same rights between the same parties were litigated, is conclusive.*

THE bill filed in this case avers that Felton, in the year 1843, obtained a judgment against Jones, the plaintiff in error, and one Smith, who was his security for $886.67, and costs, upon which an execution issued, which was levied upon certain premises described. At the same term, Gilham obtained a judgment against the same parties, and in the same relation, for $328.87 and costs, upon which an execution issued, which was levied upon one of the same lots, and upon other premises described. The land was levied upon as the property of Jones, whose title was good, except that there was a defective acknowledgment to a deed; that in January, 1844, Jones paid Felton's judgment, by paying the costs to the sheriff in cash, and giving a note to Felton, payable two years from date, for $393.24, with ten per cent. interest, which was secured by a mortgage executed by Jones upon the same land upon which his execution had been levied, which note and mortgage Felton still holds; that he also paid the Gilham judgment at the same time, and in the same way; that said notes and mortgages were received in full satisfaction of the judgments, of all which Smith had knowledge. Afterwards, by order of the plaintiff in those judgments, those executions were returned without a sale of the premises levied upon. Afterwards Felton and Gilham caused alias executions to be issued upon their judgments; and Felton caused his execution to be levied upon both the tracts of land, upon which the two first executions had been levied, and also, upon certain premises, as the property of Smith. That Gilham caused his alias execution to be levied upon the same two tracts of land upon which both of the first executions were levied, and also upon another tract belonging to Jones; that the sheriff, acting under the direction of Felton and Smith, who had conspired with Gilham, pro-

ceeded to sell under Felton's alias execution, one of the tracts upon which it was levied, without having properly advertised the same, of which Smith became the purchaser, for the sum of $409.58; that both tracts were sold together, although they did not lie contiguous to each other; that under Gilham's alias execution, the sheriff sold the same tracts of land to Smith for the sum of $349.15; that Smith received a sheriff's deed for the same two tracts of land, under the sale made on the Felton execution, which contained false recitals of the mode of sale; that he also received a sheriff's deed, purporting to be made under the sale in virtue of Gilham's execution, to one of the same tracts, and also to another tract, the deed reciting falsely, that that other tract had been sold on said execution; that Smith subsequently took possession of the premises, and has been in receipt of the rents and profits.

The reason assigned by Felton and Gilham for issuing the alias executions was, that they pretended to have discovered some defect in the title of Jones to the premises which he had mortgaged as security for the debts, but they had not offered to surrender the notes and mortgages, but retained the same. The bill avers that there was no such defect in the titles as was pretended.

The bill also contains averments in relation to the defective acknowledgment of one of the deeds of Jones, and of a bill filed by Smith against him and others, which it is unnecessary to state.

The bill also shows, that the property sold was worth vastly more than the amount for which it was sold.

The bill prays that the agreement made by Jones with Felton and Gilham, to secure the judgments in their favor, may be enforced; that the notes and mortgages given for that purpose be established and declared to be valid; that the sales made by the sheriff and the deeds given by him be set aside. For an account of the rents and profits; and that Jones may be allowed to redeem under the mortgages; and that Smith deliver to him the possession of the premises.

To this bill the defendants each filed a separate plea in bar. The plea filed by Smith avers a former adjudication of the mat-

ters set up in the bill in a suit in chancery, in which Smith was complainant, and Jones, with one Armatage and wife, and others, were respondents. The plea sets out the pleadings and decree in that case; from which it appears, that the bill in that suit avers the recovery of the judgments, which are stated in the bill in the case now presented for discussion; the issuing of the same alias executions; the levy upon the land; that it was duly advertised for sale, and that Smith became the purchaser; stating the amount which he gave for each tract, and the making of the sheriff's deeds to him. The bill set out in the plea avers, that there was a mistake made in the date of one of the alias executions, and prays that the mistake may be corrected. This latter bill avers, that Jones and wife had, before the rendition of the judgments, conveyed to Mrs. Armatage, who was their daughter, in fraud of creditors, a part of the same premises; that Armatage and wife had attempted to reconvey to Jones, but that the conveyance was not properly acknowledged to carry the estate of the wife; that Armatage had got a tax-title to the premises, which was void. The prayer of the bill was, that the date of the alias *fi. fa.* may be corrected; that the conveyance from Jones and wife, to their daughter, may be declared fraudulent and void; and that they may be decreed to convey to Smith. This bill, set out in the plea, was taken for confessed as to all the defendants, except Jones, who answered, and set up the payments of the judgments by the notes and mortgage, as is set up by his bill in the present suit. The bill set up in the plea was brought to a hearing, and the court decreed, that Smith was the *bonâ fide* purchaser of the lands at sheriff's sale, and that he had received a deed therefor; that Felton and Gilham did not accept the notes and mortgages in satisfaction of their judgments, and that there was no such contract in relation thereto as could, or ought to, affect Smith's title, acquired at the sale by the sheriff; that the conveyance from Jones and wife to their daughter was without consideration, fraudulent and void as to creditors; and that the tax-title of Armatage was for the benefit of Jones; and corrected the mistake in the date of the alias execution. Similar pleas were filed by Felton and Gilham.

These pleas were set for hearing, and, upon argument at May Term, 1850, the court, (WOODSON, Judge, presiding,) held that the pleas were good and sufficient, and Jones saying nothing further in answer to the pleas, his bill was dismissed. Whereupon he brought the cause to this court by writ of error. The error assigned was, the sustaining of the several pleas in bar by the Circuit Court.

M. McCONNEL, for plaintiff in error.

D. A. SMITH, for defendant in error.

CATON, J. This bill avers the recovery of two judgments against the complainant and Smith, — one by Felton, and the other by Gilham; that Jones was principal and Smith security in the debts upon which the judgments were rendered; that, in January, 1844, Jones paid those judgments by executing notes and a mortgage, which Felton and Gilham, by an agreement, accepted in full satisfaction of their judgments, of all which Smith had notice; that, afterwards, they caused executions to be issued upon their judgments, which were levied upon several tracts of land, as the property of Jones, as well as upon certain premises belonging to Smith. Under Felton's execution, the sheriff sold one of the tracts levied upon, and another not levied upon, both of which belonged to Jones, without having properly advertised the same, and that Smith became the purchaser. That the two lots were sold together, although they did not lie contiguous. The premises levied upon by Gilham's execution were also sold, and Smith became the purchaser, and in due time received a sheriff's deeds for all of the property thus bought; that Smith had taken possession, and was in receipt of the rents and profits. The reason assigned by Felton and Gilham for issuing executions was, that they pretended to have discovered some defect of title to the mortgaged premises, although they had not offered to surrender the notes and mortgage, but still retain the same; that there was no such defect in the title; that the land was of vastly more value than the amount for which it sold. The bill prays that the agreement to

satisfy the judgment may be enforced, and that the notes and mortgage may be declared to be valid; that the sales and sheriff's deeds may be set aside; for an account of the rents and profits; and that the complainant may be allowed to redeem the mortgage, and be let into the possession of the premises.

To this bill, each of the defendants filed a separate plea in bar, of which it is only necessary to notice that filed by Smith. That is a plea of a former decree, rendered in a suit commenced by Smith against Jones and others, in which it is claimed that the same questions were adjudicated and settled which are again sought to be litigated in this suit. The plea sets out the pleadings and decree in the former suit, from which it appears that the bill there avers the recovery of the judgments stated in this bill, the issuing of the executions, the levy upon the land, and that it was duly advertised and sold by the sheriff, and that Smith became the purchaser, stating the amount for which each tract was sold; that the land was not redeemed, and that he received sheriff's deeds therefor. The bill also avers that a mistake was made in the date of one of the executions, showing wherein. That bill further avers that Jones and wife had fraudulently conveyed a part of the premises to their daughter, Mrs. Armatage; that Armatage and wife had attempted to reconvey to Jones, but that the conveyance was not properly acknowledged to convey the wife's estate. The bill also avers that Armatage had procured a tax-title upon the premises, which was void. That bill prays that the date of the *fi. fa.* may be corrected, and that the conveyance from Jones and wife to their daughter may be declared void, &c.

That bill was taken for confessed as to all of the defendants, except Jones, who answered, and set up the payment of those judgments by the execution of the notes and mortgage. He admitted the judgments, executions, and the sale to Smith, as was stated in the bill.

The suit was heard upon the pleadings and proofs, and a decree was rendered establishing that Smith was a *bonâ fide* purchaser at the sheriff's sale; that Fulton and Gilham did not accept the notes and mortgage in satisfaction of their judgment,

26*

and that there was no such contract in relation thereto as could or ought to affect Smith's title acquired under the sheriff's sale. The decree also finds that the conveyance from Jones and wife to their daughter Elizabeth was void; that the tax-bill was acquired by and for the benefit of Jones. The decree also corrects the date of the execution.

This plea was set for hearing, and held to be sufficient by the Circuit Court, and a decree was entered dismissing the bill.

To determine the sufficiency of this plea, it is necessary to inquire whether the issues formed in the former suit involved the same rights and grounds of equity which are presented by this bill, and whether that decree determined and settled those rights. That such was the case, it seems to us admits of no question. There Smith averred that he was a *bona fide* purchaser, and substantially that he purchased the lots in separate parcels, for he states the amount which he bid for each. Jones, in his answer, admitted the purchase by Smith as stated in his bill, and made no pretence that the sale was irregular, by reason of the property having been sold *en masse*, as he now pretends. The question of the regularity of the sale was there presented; and the irregularity now complained of, had it been then set up and established, would have defeated the relief there sought and obtained. But, substantially admitting the regularity of the sale, he went further back and claimed that the judgments had been paid in the same mode; that he insists in this bill that they had been satisfied. In that suit we see that the validity of the sale was presented, and the continuing force of the judgments involved. It is entirely manifest that the same issues were presented and the same rights involved in that suit as in this; and there, too, were those rights settled and determined. The court there passed upon the validity of that sale, in a suit where the question was directly presented, and determined that Smith was a *bona fide* purchaser. That was a matter adjudged between the parties; and while that decree remains unreversed, it must ever conclude them on that question. That decree also expressly adjudged that those judgments had not been satisfied, as Jones then insisted, and as he now insists. How is it that he should be again allowed to litigate that question with Smith? If

one solemn decree of a court of chancery, in a suit where the parties are before the court, and present and litigate the question or admit the facts, will not conclude the rights of the parties, how many will? That the judgments had not been satisfied, and that Smith was a *bonâ fide* purchaser, being conclusively established against Jones, his entire case is gone; strike those claims for relief out of his bill, and there is nothing left.

It is true that that decree concludes no question of right between Jones, and Felton and Gilham, because they were not parties to that suit, and hence they cannot insist upon that decree as a bar in their favor, nor have they done so. It may be that the pleas which they filed constitute no bar in their favor; but as the relief sought against them is entirely dependent upon the granting of the relief sought against Smith, that being denied, of course no decree can be entered against them. No beneficial decree for the complainant can be entered establishing the mortgage and authorizing a redemption under it, without destroying Smith's title, which, as we have already seen, has been judicially and conclusively established in his favor. Felton and Gilham are but nominal parties, while Smith alone is really interested in resisting the relief sought by this bill.

We may readily imagine a case in which Jones might obtain relief against Felton and Gilham. Had he shown that the consideration for which the notes and mortgage were given had failed, and that they refused to give them up when requested, claiming the right to enforce them, it may be that the court would decree them to be delivered up and cancelled. But such relief now would be utterly inconsistent with the frame and objects of the bill, which expressly insists that the notes and mortgage are still subsisting and valid. The complainant cannot obtain relief which falsifies every statement and every principle of his bill.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*