CHARLES PRESCOTT *et ux.*, Appellants, *v.* JOSEPH W. FISHER *et al.*, Appellees.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

The records of a court in which a suit is pending, are admissible as evidence, and prove themselves.

A bill filed for a divorce, is to be taken against the party filing it, as true. The recitals in a decree are conclusive against the party who sought it.

A deserted wife may acquire property and control it and her person, and may be sued as a *feme sole*, and if divorced and again marries, her husband will be jointly liable with her for debts contracted.

THE declaration of plaintiffs consists of three counts in assumpsit, for goods, wares and merchandise, sold and delivered to the said Mary A. Prescott, before she was married to Charles Prescott, in the year 1856, charging the same was sold and delivered to her while she was a *feme sole*. Damages claimed, $500.

Defendants plead the general issue, and issue was joined.

The trial was before a jury, and had in said court, J. M. WILSON, Judge, January, 1859.

*Robert Rae* testified, that he had been one of the attorneys in this cause ; that he called upon Prescott and wife, and presented two bills for millinery goods which Mrs. Prescott had purchased of plaintiffs, and Mrs. Prescott admitted she had purchased the articles in the bill mentioned, and that upon the first bill there was a balance of $309.50 due to plaintiffs, and the second bill she admitted was correct, and that she had received the goods therein mentioned. And Charles Prescott, the defendant, promised to pay in one month thereafter. But he failed to pay either of the bills. That Mrs. Prescott had been engaged, both before and since her marriage with Prescott, in the millinery business. That they were married shortly after the first bill of goods was purchased, during the year 1857, and that she was known as Mrs. Lloyd previous to her marriage with Prescott.

A witness testified that she was present at the marriage of Mrs. Prescott, one of the defendants, when she married Bartholomew F. Lloyd, in England. That Mr. Lloyd was still living ; went to California in 1852.

Another witness testified, that he knew Lloyd, and that he and Mrs. Prescott lived as man and wife, and were regarded as such in this city. They carried on millinery business. Lloyd went to California in 1852. It was publicly and well known when he left, and where he was going ; Lloyd left his business and what he had with the defendant, Mrs. Prescott, and she carried on the business after he left.

The plaintiffs below then took from the files of the Cook County Court of Common Pleas, papers, purporting to be a petition for a divorce, and also a decree, and introduced and read the same in evidence without other proof, (both of which respectively were objected to, and objections were overruled,) in which, the petitioner, Mrs. Lloyd, (Mrs. Prescott,) stated she was married in 1833, in England, to B. F. Lloyd ; lived with him there and then until 1852, when she charges that he deserted her, and has not lived with her since.

The petition also charges against said B. F. Lloyd, that she was in equity the owner of the property she had then on hand, as she had to support three children, and had commenced the said business in 1852, (the time as then alleged of the desertion,) and had carried on the millinery business since.

The petition then alleges that Mrs. Lloyd had three lots, stock, household furniture, etc., except a piano, which was owned by her said husband, Lloyd.

Asks a decree of divorce, and that the property be declared hers.

The paper purporting to be the decree, decreed a divorce, and that this property be hers, and she have the care and custody of the children, and recites the desertion for two years.

Defendants then called a witness, who stated that he knew Mr. Lloyd. When he left for California, he sold his stock of stationery to him for the sum of four hundred dollars, which he paid to Mrs. Prescott, his wife, thereafter, in four installments.

Cause was submitted to the jury, under the following instructions on the part of the plaintiff, both of which were objected to by defendant:

1st. That if the jury believe, from the evidence, that the aforesaid Mary Ann Lloyd was, at the time the plaintiffs' debt was contracted, trading, and that her husband had before that time, permanently deserted her, and afterwards intermarried with the defendant, Charles Prescott, then said defendants are liable for whatever you, the jury, find due the plaintiffs upon said account.

2nd. That if the jury believe that the defendants admitted there was due and unpaid the plaintiffs, the sum of $425, and refused to pay the same for and on account of goods sold and delivered by plaintiffs to defendant's wife, whilst a trader, and doing business after she was permanently deserted by her first husband, at her special instance and request, then the plaintiffs are entitled to recover.

Defendants' instruction, which was refused:

4th. If the jury believe that she was a married woman at the time the account, or any part of it, accrued, then the plaintiffs cannot recover, although if she traded after her husband had abandoned her, she might be sued as a *feme sole*, but no action can be maintained against her and Prescott.

Verdict for plaintiffs, $425.

Defendants filed their motion for a new trial, because the verdict was contrary to law and evidence, and the court had erred in overruling defendants' objections and exceptions above mentioned. Motion overruled.

Judgment entered for $425, and a *remittitur* entered, of $115.

A. GARRISON, and S. M. FELKER, for Appellants.

GROW & STORRS, for Appellees.

BREESE, J. The papers in the divorce case of *Lloyd* v. *Lloyd*, in which the present defendant, then Mrs. Lloyd, was complainant, were files of the court in which the present action against her and her present husband was tried, and were properly admissible in evidence without any proof—they proved them-

selves. The bill she filed for a divorce, is to be taken, as an admission by her of the facts therein stated, and consequently, evidence against her in this suit, and constitute an estoppel of record. 2 Smith's Leading Cases, 687, and the cases there cited. It is not now in her power, nor in that of her co-defendant, her present husband, to deny them. It is there admitted by her that her husband abandoned her without cause and failed to make a suitable provision for her, and that she carried on business as a sole trader whilst thus deserted.

This court has held in the case of *Love* v. *Moynehan,* 16 Ill. R. 277, that in such case, the deserted wife may acquire property, control it and her person, contract, sue and be sued as a *feme sole.* For her contracts thus made, her present husband is responsible jointly with her. 1 Ch. Pl. 65; *Angel* v. *Felton,* 8 J. R. 149; *Gage* v. *Reed et al.,* 15 ib. 403; 7 T. R. 348.

Her *status* is no longer an open question. The decree of the court establishes that beyond all future controversy, and must be conclusive. The great and general principle is, that a record of the proceedings and judgment of a court of competent jurisdiction is conclusive evidence of the facts appearing therein, and this whether the status, rights or property of parties be involved, and cannot be attacked or questioned in a collateral manner. The decree is competent evidence in any action, no matter who may be the parties, and the recitals in it, are conclusive of the facts sought to be established in this suit.

The instructions given for the plaintiffs were based on the principles we here announce, and were correct. The fourth instruction being the converse of these propositions, asked by the defendants, was properly refused. The judgment of the court below is affirmed.

*Judgment affirmed.*