# ALICE E. CRONK *et al.*

*v.*

# SOLOMON C. TRUMBLE.

1. ESTOPPEL—*admission that a contract is correctly set out in pleadings.* Where a defendant, of full age, by the pleadings expressly or by implication assents to the execution of a contract as set out in the bill, the court may give effect to such consent by its decree, and such defendant will not be permitted to retract the assent upon error, or insist the contract was not as set out.

2. STATUTE OF FRAUDS—*what performance will take the case out of the statute.* Where a father had agreed orally with his son to give him his farm, on his agreement to support his father and mother during their lives, and pay his father's debts and certain sums to his brothers and sisters, and there was nothing to take the case out of the Statute of Frauds except the mere payment of a part that was to be paid to his co-heirs, the support of the parents for a short time, and possession, not exclusive, but that of a son in connection with his father, and where the son had made no improvements on the land: *Held,* that such partial payment of the consideration and such sort of possession was not a sufficient part performance to take the case out of the Statute of Frauds.

3. SPECIFIC PERFORMANCE—*complainant must have fully performed on his part before filing his bill.* It is the established rule of this court that

a purchaser of land has no right to apply to a court of chancery to compel a conveyance, unless he has, previously to filing his bill, clothed himself with the right to demand a deed without any further thing being done on his part.

4. Where the complainant had entered into a contract with his father, by which he agreed to support his father and mother during their lives, pay all debts owing by the former at his death, and pay certain specified sums to certain of his co-heirs, in consideration of which he was to become the owner of the farm on which he then resided with his father; and it appeared that at the time of the filing of his bill for a specific performance of the contract, his mother was still living, and might live for many years, and that he had not paid one of the heirs the sum he agreed to pay: *Held*, that, until he paid such sum and supported his mother during her natural life, he had not clothed himself with the right to demand a deed.

5. SAME—*allegations and proof must correspond.* On a bill for specific performance, it is a rule that the contract must be proved as laid, and the possession and other acts of performance must pursue and substantiate the contract proved.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. MAYBORNE & BROWN, for the plaintiffs in error.

Messrs. WHEATON, SMITH & McDOLE, for the defendant in error

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was a bill in equity, brought in the Kane circuit court, by Solomon C. Trumble, against Eluna Trumble, the widow, Palmyra Massiker, Caroline Mack, the children and co-heirs of Solomon Trumble, deceased, and certain infant heirs. The bill alleges, that in the year 1850, complainant entered into a contract with his father, substantially as follows: Complainant agreed to support his father and mother during their lives, to pay all debts owing by said Solomon Trumble at his decease, and pay complainant's brother, Charles H. Trumble, the sum of $800; his sister Palmyra Massiker, $300; his sister

Louisa Brown, $300; and his sister Caroline Mack, $300; and in consideration of which complainant was to become the owner of the farm on which he then resided with his father, in Kane county, thereinafter particularly described; that in pursuance of the contract, complainant took possession and control of said farm, and has continued in possession from thence hitherto; did support his father until he left this State to go to California, and still supports his mother, who now resides with him; that his father left this State, and in May, 1852, died while on his way to California, leaving Eluna Trumble, his widow, George Trumble, Charles H. Trumble, and complainant, and the three daughters above mentioned; that George died in California in October, 1852, leaving Delia Trumble as his widow, and an infant daughter, Alice Trumble, his only heir. Louisa Brown died on her way to the State of Oregon in July, 1853, leaving her husband, George W. Brown, and two infant children named Solomon E. and Nancy E. Brown, as her heirs at law; that Charles H. Trumble died in Oregon about the 15th of November, 1853, leaving his widow Adelia Trumble, and Adelbert and Ella, his infant children. The bill alleges the payment of the $800 to Charles H. Trumble, and the sum of $300 to each of his sisters, except the sum of $100 to Palmyra, as to which it alleges readiness to pay, and prays for specific execution of the contract against the widow and co-heirs, all of whom are made parties defendant.

The bill was filed December 12, 1853. The resident defendants were personally served with summons and the non-residents brought in by publication, and guardians *ad litem* appointed for the infants. Adelia, the widow of Charles H., appeared and filed an answer, in which she avers that she was present at the making of the contract between complainant and his father, and then proceeds to state it as set out in the bill. She also admits the payment of the $800 to Charles H., her late husband.

Delia Trumble, the widow of George Trumble, deceased, and mother of Alice, an infant defendant, joins in the answer filed by the guardian *ad litem* for Alice, in which the agreement is not admitted, but the Statute of Frauds interposed. The performance of the agreement is denied, and the answer sets up a new arrangement, made in the winter of 1852, between complainant and his father, by which the latter, with his wife, were to deed to complainant about fifty acres of the farm in question, with a house thereon, and about ten acres of timber, in consideration of which complainant was to relinquish all claim to the balance of the land under the first agreement, and avers the fact of the making, delivery and acceptance of such deed, on the 28th of February, 1852. That complainant, in pursuance of the latter agreement, surrendered up the possession of the balance of the lands to his father, by whom they were thereupon leased to another party for two years.

The bill calling for an answer under oath, this answer was put in under oath.

Replication was filed and the cause heard upon pleadings and proofs March 1, 1855. A decree was entered against all of the defendants, for the specific execution of the contract by proper conveyances, and authorizing such to be made on behalf of the infants by a commissioner. One of these infants, viz: Alice Trumble, now Alice E. Cronk, together with the widow of Charles H. Trumble, now Adelia C. Weaver, sue out this writ of error, and assign errors, in which the complainant below joins.

There is nothing in the record to show that Adelia C. Weaver has, or ever had, any interest in the land other than as widow of Charles H. Trumble. The suit, as respects her, seems to have been an amicable one. She filed an answer admitting the contract as set up in the bill, and performance; shows no reason against or objection to the specific execution of it. She was a witness for plaintiff, and, as appears by her own evidence, must have been aware that the contract was

not· correctly stated in the bill. Where a defendant of full age, by the pleadings expressly or by implication assents to the execution of a contract as set out in the bill, the court may give effect to such consent by its decree, and defendant will not be permitted to retract the assent upon error, or insist that the contract was not as set out. We think Adelia C. Weaver is concluded by her own answer.

The position of Alice E. Cronk is very different. She was an infant at the time, and her answer set up the Statute of Frauds and the rescission or abandonment of the contract by the mutual agreement of the parties, in February, 1852.

The decree was erroneous as to the infant setting up these defenses.

*First*—The contract was oral, and there was nothing to take it out of the Statute of Frauds except the mere payment of a part that was to be paid to the co-heirs, the support of the parents for a short time, and possession. The possession, however, was that of a son, not exclusive of, but under and in connection with his father. The latter, up to the time of leaving for California, April, 1852, remained in possession of the land the same as he ever had been. *Lester* v. *Foxcroft*, 1 Lead. Cases in Eq. 736–7. The plaintiff made no improvements on the land, and when the transaction was completed by which the father, before leaving, conveyed the sixty acres to plaintiff, and which, no doubt, was a substitute for the performance of the original contract, the residue of the premises were leased by the father to other parties, who went into possession. To hold such partial payment of the consideration, and such sort of a possession as sufficient part performance to take the case out of the statute, would be to extend the encroachments already made upon the statute, beyond nearly all former cases.

*Second*—The plaintiff was not, at the time of filing his bill, entitled to a conveyance by the terms of the contract. It is the established rule of this court that a purchaser of land has

no right to apply to a court of chancery to compel a conveyance, unless he has, previously to filing his bill, clothed himself with the right to demand a deed, without any further thing being done on his part. *Doyle* v. *Teas et al.* 4 Scam. 202.

The contract, as proved by plaintiff's own witnesses, was, not only that he should make the payments to the several co-heirs of plaintiff mentioned in the bill, but to pay $500 to George Trumble, and support his father and mother during their natural lives, and when they were done with it, he was to have the farm.

The bill was filed in December, 1853, while the mother was living, and only about fifty-two years of age. By the contract he was not to have the title until the decease of both father and mother. The latter might live many years, and, for aught appearing, become a charge upon other members of the family. Until he paid the $500 to George, and supported his mother during her natural life, he had not clothed himself with the right to demand a deed.

*Third*—Because it is a rule that the contract must be proved as laid, and the possession and other acts of performance must pursue and substantiate the contract proved. 1 Lead. Cases in Eq. 737, and cases there cited.

The contract *laid* makes no mention of any payment to be made to George Trumble, the father of Alice. The contract *proved* was, that plaintiff was to pay George, as part of the consideration, $500, by paying notes to that amount given by the father and Charles H. to him. There is no allegation or proof of performance.

This case wears the suspicious features of one of a class, quite too common, where the forms of a suit in chancery are carried to a decree by the amicable arrangements of adult parties against infant defendants, whose rights are thereby either prejudiced by neglect or sacrificed by design.

The decree in this case will be affirmed as to Adelia C. Weaver, who assented to and aided in procuring it; but as to

plaintiff in error, Alice E. Cronk, the infant heir of George Trumble, the decree will be reversed and the bill dismissed.

*Affirmed in part.*