SAMUEL R. STEVENS

*v.*

ELLEN W. STEVENS.

*Opinion filed June 23, 1904.*

APPEALS AND ERRORS—*when a divorce decree must be affirmed.* A decree of divorce against a husband on the ground of desertion will be affirmed where it appears from the whole evidence that the husband voluntarily left the complainant for over two years without contributing to her support and did not make any *bona fide* effort to induce her to again live with him.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. W. BURKE, Judge, presiding.

This is a bill in chancery, filed on January 13, 1902, by the appellee against the appellant for a divorce, charging the appellant with willful desertion and absence from the appellee without a reasonable cause for the space of two years from December 15, 1899. The bill sets up that the marriage took place in Brooklyn, New York, in October, 1892, and that one child now living was born of the union. The relief asked is a divorce, and the care, custody and education of the child.

The defendant answered the bill, and denied that he willfully deserted, or absented himself, as alleged. Replication was filed to the answer, and, at the hearing of the cause before the chancellor, the witnesses on both sides were examined orally in open court.

The court entered a decree, granting the divorce and giving the care, custody and education of the child to appellee, the complainant below. From this decree appellant took an appeal to the Appellate Court. The Appellate Court affirmed the decree of the circuit court, and the present appeal is prosecuted from such judgment of affirmance.

GEORGE J. GILBERT, for appellant.

ADLAI T. EWING, for appellee.

Per CURIAM:   In deciding this case, the Branch Appellate Court for the First District delivered the following opinion:

"Appellant denied that he so willfully deserted or absented himself, and states that he has always been and now is willing to live with his said wife.   There is direct conflict in the testimony of the parties upon material matters.   Appellant states that he left his wife, because she refused to live with him any longer, and told him that he could go his way, and she would go hers; that she had herself taken the lease of the apartments they occupied, and that he must vacate.   He says he afterwards went there several times until she asked him not to call, and that, upon each and every visit, he asked her to come back and live with him.   Appellee, on the other hand, says she does not know why he left her, except that he had threatened to do so many times; that her health was such that she was obliged to refuse him marital rights; that this made him so dissatisfied she hardly received from him ordinary courtesy; that it was this refusal which caused him to leave her.   She says that he came back two or three times in an intoxicated condition; that she did not want him to come in such a way, and did tell him not to come again.   Appellant asserts that he told her he was willing to live with her without claiming marital rights, which she denies, and he says that he was not intoxicated when he called on her, and has never had that habit.

"It is, however, undisputed, first, that the parties separated, appellant leaving his wife and child in the apartments they then occupied, and they have not since that separation—a period of more than two years—lived together as husband and wife; and, second, that during that time appellant has not contributed to her support,

or to the support of their daughter and only child, who has remained in the care and custody of the mother. We are obliged to concur in the view of the trial judge, that the evidence warranted the finding in favor of appellee. A consideration of the whole evidence compels the impression that appellant voluntarily left her, and that he did not, in good faith and with a sincere desire to effect a reconciliation, make any serious effort to induce appellee to resume with him the marital relation.

"It appears that appellee has some means of her own, and is abundantly able to support the child, as she has done since the separation without aid from appellant. The decree grants her the custody of the child, and no other relief except the dissolution of the marriage tie. Finding no error, the decree must be affirmed."

We concur in the foregoing views, expressed by the Appellate Court, and in the conclusion there announced. Accordingly, the judgment of the Appellate Court, affirming the decree of the circuit court, is affirmed.

*Judgment affirmed.*