(No. 13455.—Decree affirmed.)

T. S. WILLHITE, Appellant, *vs.* R. SCHURTZ, Appellee.

*Opinion filed October 23, 1920.*

1. SPECIFIC PERFORMANCE—*when party contracting to sell land is not required to terminate tenancy of his lessee.* One who has contracted to sell land is not bound to terminate the tenancy of his lessee in order to be ready to fulfill his agreement to give possession by a certain date, where the proposed purchaser fails, without valid reason, to perform his part of the contract in time to give the tenant the necessary sixty days' notice to quit.

2. SAME—*party seeking performance must show all conditions have been met by him.* One seeking to obtain a decree for specific performance of a contract must show that he has performed, or offered to perform, all precedent conditions imposed upon him and that he has always been ready and willing to perform the same.

3. SAME—*proposed purchaser must pay or tender the purchase price.* A court of equity will not assist in enforcing a contract for the sale of land where the proposed buyer neither pays nor tenders the purchase price nor assumes any responsibility under the contract but seeks to hold the proposed vendor although the contract has no fixed time for performance, in the hope that he may be able to re-sell at a profit and require a conveyance at the contract price.

4. SAME—*when vendor is justified in rescinding contract for sale of land.* Where a contract for the sale of land is entered into in ample time to give the vendor's tenant the necessary notice to terminate his tenancy, failure of the proposed purchaser to perform or offer to perform his part of the agreement in time to give the notice, and his subsequent refusal to take care of the tenant's interest when the vendor offers to convey, will justify the vendor in rescinding the contract.

APPEAL from the Circuit Court of Fayette county; the Hon. THOMAS E. FORD, Judge, presiding.

WILEY & MOREY, for appellant.

BROWN, BURNSIDE & BULLINGTON, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed his bill in the circuit court of Fayette county for specific performance of a contract for the sale of real estate, which he claims was entered into between

himself and appellee. The circuit court, on hearing, dismissed appellant's bill for want of equity and granted an appeal to this court.

The record consists almost entirely of correspondence between the parties. Appellant's claim is based upon the letter of appellee dated September 15, 1917, addressed to appellant, saying: "I will sell you my 440-acre farm in Sharon township, Fayette county, Illinois, for the sum of $30,000, (thirty thousand dollars,) fifteen thousand ($15,-000) cash to me in hand and a mortgage of fifteen thousand dollars ($15,000) at six per cent interest per annum from date of said mortgage, running five years. I will leave the posts now on the farm, and two car-loads of 16-inch tile now on the yard at Vera, Ill., go in with the farm. I will give you until October 1, 1917, to accept or reject.— P. S.—I am to furnish a merchantable abstract and give landlord's possession with delivery of deed. Tenant's lease expires March 1, 1918." Appellant replied to this letter as follows: "Your proposition made to me on September 15, 1917, a copy of which is hereto attached, is accepted." The appellee defended on the ground that appellant had at no time been ready, willing or able to comply with the contract; that appellant had never tendered any money in payment for the land; that appellee placed in the Citizens' National Bank of Decatur, Illinois, in escrow, his deed in compliance with the agreement, with instructions to deliver the same when appellant complied on his part; that the deed remained there for a long period but appellant failed to take it up, and that finally appellee declared the agreement at an end.

It appears from the evidence that shortly after the writing of the letters above set out, appellant at his own suggestion undertook to secure the necessary quit-claim deeds and affidavits to correct objections raised by his counsel to the title to appellee's land; that on December 14, 1917, he wrote appellee, saying that the title to the land was in good

shape with the exception of what he referred to as the McFarland interests. It also appears from the record that appellee was constantly urging that there be no further delay in the matter. On January 26, 1918, appellant wrote to appellee that he was then ready to close the deal. Appellee sent his deed, signed by himself and wife, and three notes and mortgages covering the land conveyed, amounting to $15,000, to the bank and directed the bank that the deed should be turned over to appellant after signing the notes and mortgages and paying the sum of $15,000. It appears that while appellee's letter of September 15, 1917, specified that landlord's possession should be given with the delivery of the deed and that his tenant's lease expired March 1, 1918, the deed sent to the bank specified possession March 1, 1919. Appellant refused to accept the deed but wrote appellee demanding possession as of March 1, 1918. It appears from the evidence that the land in question was leased from year to year to a tenant named Kelly. His term of tenancy for the year expired on March 1 of each year. It also appears that appellant knew of this lease. Under the law a tenant in possession under a lease from year to year holds over for another year unless he receives sixty days' notice of the intention of his landlord to terminate the lease. No such notice was given, and it follows that the right of the tenant to hold over for another year had accrued when on January 26 appellant stated he was ready to perform.

Appellant insists, however, that he had a right on January 29, 1918, to have the deed made to him giving possession March 1, 1918, regardless of the rights of the tenant, Kelly. The evidence shows that there was no valid reason why appellant should not have closed this sale in time to have given the tenant the necessary notice to quit so that appellee could have given possession on March 1, 1918. Appellant's letter of December 14, 1917, said that he considered the title to the land in question in good shape

except as to what he characterized as "that McFarland interests." In view of the fact that the so-called McFarland interests appear not to have been cleared up on January 26, when appellant announced that he was ready to close the sale, that could scarcely be urged as a valid reason for not closing the transaction in time to have prevented the accruing of the tenant's right to another term of tenancy. Certainly it could not be said that appellee should have terminated the tenancy when he had no assurance that appellant would take the land. He was not bound to do so in order to keep himself ready to fulfill his agreement to give possession on March 1, 1918, when the delay in closing the sale was without his fault. Appellant offered no valid excuse for his delay in performing his contract, and it follows that the tenant's right to another year of tenancy accrued through his fault and not through the fault of appellee. Moreover, the evidence shows that appellee offered in writing, after the refusal of the appellant to take the deed giving possession March 1, 1919, to make a deed giving possession March 1, 1918, if appellant would take care of the interest of the tenant, Kelly, which had accrued. This is all he could be expected to do. The tenant's interest having accrued by the delay of the appellant, appellant would not be entitled to specific performance of the original contract without making the appellee safe as against the rights of the tenant. This he did not do.

It appears from the additional abstract filed by appellee in this case that appellant was at no time in a position to tender payment of the purchase price required by the contract nor did he have in his possession money with which to make such payment. He testified that he had arranged to get money from a party in Olney, Illinois, and that he was to give the land in question as security. The record does not disclose how this was to be done, as he also testified that he had contracts of sale made for the land when it should be deeded to him. The rule is, that in order

to obtain a decree for the specific performance of a contract the party seeking to obtain such a decree must show that he has performed, or offered to perform, all precedent conditions imposed upon him, and that he has always been ready, willing and eager to perform the same. (*Wood* v. *Sheffer,* 248 Ill. 617; *Bothwell* v. *Schmidt,* 248 id. 586.) A purchaser of land has no right to a decree for specific performance unless he has, prior to the time of the filing of his bill, done everything necessary to give him the right to demand a deed without anything further being done on his part. (*Cronk* v. *Trumble,* 66 Ill. 428; *Wood* v. *Sheffer, supra.*) Appellant paid no money and tendered none to appellee. It is evident that he had no expectation of carrying out this contract until he had found some purchaser to take the land off his hands, and that he expected to pay the appellee for the land with the funds derived from the re-sale of it. Such does not constitute a tender or performance on his part. A court of equity will not assist to enforce a contract where the proposed buyer neither pays nor tenders the purchase price nor assumes any responsibility of the contract but seeks to hold the proposed vendor to a contract that has no fixed time for performance, in the hope that he may, by a rise in the price of land or for any reason, be able to re-sell such land at a profit and require a conveyance at the contract price.

Where a contract does not specify the time in which it is to be performed, the law implies that it is to be performed in a reasonable time. (*Hamilton* v. *Scully,* 118 Ill. 192; *Driver* v. *Ford,* 90 id. 595.) The delay here was unreasonable and appellee was justified in rescinding the contract.

It is evident that under this record the appellant is not entitled to specific performance, and the circuit court did not err in dismissing the bill for want of equity. The decree of that court will therefore be affirmed.

*Decree affirmed.*