## George R. S. Hoffman, Appellee, v. Lydia Hoffman, Appellant.

### Gen. No. 7,756.

1. FORMER ADJUDICATION—*same fact in different causes of action by same parties.* When some specific fact has been adjudicated in a former suit, and the same fact is again put in issue on a subsequent suit between the same parties, the determination in the former suit is conclusive upon the parties in the latter suit without regard to whether or not the cause of action is the same in both suits.

2. FORMER ADJUDICATION—*facts in wife's suit for separate maintenance is res adjudicata in husband's suit for divorce.* An adjudication in a wife's suit for separate maintenance that her husband was not guilty of cruelty and that she had left him without good cause, and an adjudication in a second suit of the wife for the same cause that she

had not offered in good faith to return to her husband, prevents the wife from showing, in a subsequent suit by the husband for divorce on the ground of desertion, cruelty of the husband and her offer to return to him at any time prior to the rendition of the second decree in separate maintenance.

3. EVIDENCE—*admissions in bill for separate maintenance.* An allegation in a wife's suit for separate maintenance, based on her offer to return to her husband, that she was not justified in leaving him and living apart is an admission of record that at the time she was not justified in living separate and apart from him.

4. DIVORCE—*desertion as a ground.* A husband is entitled to a decree of divorce for desertion where his wife has wilfully absented herself or deserted him for more than two years prior to the filing of his bill.

Appeal by defendant from the Circuit Court of Winnebago county; the Hon. EDWARD D. SHURTLEFF, Judge, presiding. Heard in this court at the April term, 1927. Affirmed. Opinion filed September 27, 1927.

NORTH, LINSCOTT, GIBBONEY & NORTH, for appellant.

HALL & DUSHER, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

Appellee filed a bill in the circuit court of Winnebago county on June 22, 1922. As finally amended, said bill alleges that appellee was intermarried with appellant on November 17, 1921; that they cohabited together as husband and wife until February 20, 1922, when appellant wilfully deserted appellee without any reasonable cause therefor; that said desertion had continued until the filing of said bill; that on February 20, 1922, appellant filed a bill against appellee for separate maintenance; that appellee filed an answer to said bill, as amended, and thereafter, on June 27, 1922, a decree was entered dismissing said bill for want of equity. Said bill further alleges that on November 14, 1922, appellant instituted another suit for separate maintenance, and by leave of court an amended bill therefor was filed on March 28, 1923, to which amended bill, on the same day, appellee filed an answer. On hearing

on April 6, 1923, a decree for separate maintenance was rendered, awarding appellant alimony and solicitor's fees; that, upon appeal to this court, said decree was affirmed; and that, on certiorari to the Supreme Court, the judgment of the circuit court and of this court was reversed without remanding. Copies of all of said pleadings and of the decrees rendered by the circuit court, and the judgment and opinion of the Supreme Court above mentioned were attached to said bill as exhibits and made a part thereof.

To said bill appellant filed an answer on October 4, 1926, in which answer she admits the marriage of herself and appellee and that they separated on February 20, 1922; that the court proceedings set forth in appellee's bill were correctly set forth, but "states the fact to be that said record matter is immaterial, irrelevant and is in no way any bar to any of the rights of this defendant to defend herself against the unreasonable and unjust charge of desertion as set forth in said complainant's amended bill of complaint." Said answer denies the right of appellee to a divorce for desertion, and sets forth as a reason therefor that "the said complainant, within a few days after said marriage as above set forth, commenced a course of unkind, inhuman and cruel conduct toward this defendant; * * * that he became so cruel and harsh and violent toward this defendant that it was impossible for this defendant to sleep with or remain in the same bed in the same room, and specifically, and in furtherance of his desire and design to drive this defendant from his bed and board, he at various times beat, struck and kicked this defendant in his efforts to drive this defendant from his home; * * * that on or about the 20th day of February, 1922, the complainant cruelly assaulted and beat this defendant and threatened her life, whereupon this defendant was obliged to leave in the nighttime and seek protection and help and shelter from her neighbors."

Appellant further avers in said answer that after said separation she "did, during the month of June, 1922, go to said home of the complainant as the wife of said complainant, and advise the said complainant that she was ready, willing and desirous of reassuming her position in the home of the said complainant, and that she was truly sorry for all that had happened, * * * but the said complainant refused to recognize her or to speak to her or to make suitable or proper provision for her support or maintenance," and that he thereafter leased said home to tenants and abandoned the same. Appellant further avers "that she is now and at this time desires to return to the said complainant and to do all on her part as his wife to make his home comfortable and happy, and to live with him as a husband and wife should live together."

Exceptions were filed to such portions of said answer as charged cruelty on the part of appellee toward appellant, and of her offer to return to appellee, prior to April 6, 1923, the date of the rendition of said decree for separate maintenance. On hearing, the exceptions to said portions of the answer were sustained.

On the trial of said cause, on objection by counsel for appellee, appellant was limited in the examination of witnesses on the charge of cruelty and on the offer by appellant to return to appellee to live with him as his wife, so far as the same pertained to a time prior to the rendition of said decree. A verdict was returned, finding that appellant had been guilty of desertion as charged in said bill, and a decree was rendered thereon dissolving said marriage relation. To reverse said decree, this appeal is prosecuted.

Counsel for both parties devote practically the whole of their arguments and citations of authority to the question of the correctness of the rulings of the trial court in so limiting the admission of evidence and the cross-examination of witnesses to a time subsequent to April 6, 1923, and that is practically the only question before this court.

In the first suit instituted by appellant against appellee for separate maintenance appellee was charged with extreme and repeated cruelty, failure to properly support appellant, and the use towards her of harsh and uncalled for language. As stated, that suit was dismissed for want of equity. In the amended bill on the second suit for separate maintenance appellant makes no charge of cruelty against appellee, but bases her prayer for relief on the ground that she had in good faith offered to return to him after the rendition of said decree, and that appellee had wrongfully refused to receive her.

The Supreme Court in passing on said cause goes into the pleadings and the testimony, and recites the same at some length. (*Hoffman v. Hoffman,* 316 Ill. 204.) After such review, the court at page 212 says:

"In order to support the decree for separate maintenance it is necessary that the complainant allege and prove first that she has a good cause for living separate and apart from her husband, and second that such living apart was without fault on her part. (*Decker v. Decker,* 279 Ill. 300; *Johnson v. Johnson,* 125 Ill. 510.) A hearing was had on the bill filed in February, 1922, on the charge of cruelty and misconduct toward her and a finding against her on that charge was made. That decree was binding upon her and was *res judicata* of all her charges of cruelty and misconduct toward her and upon the question whether up to that time she had been living separate and apart from plaintiff in error by reason of his fault. In effect it was a finding that she had left him without good cause."

If the statement of the court to the effect that the dismissal of the first suit for separate maintenance was an adjudication on the question of the alleged cruelty and misconduct charged against appellee and on the question as to whether or not appellant was not living separate and apart from appellee by reason of his fault, and in effect that she left him without good

cause, then it would seem to follow as a logical conclusion that inasmuch as the court further holds that where a wife voluntarily abandons her husband or does so without good cause, she is not entitled to separate maintenance, for the reason that she is not living separate and apart from her husband with good cause and without fault on her part. Citing *Deke v. Huenkemeier,* 289 Ill. 148; *Hutchinson v. Hutchinson,* 250 Ill. 170; *People ex rel. Arns v. Rickert,* 159 Ill. 496; *Wahle v. Wahle,* 71 Ill. 510; *Jones v. Smith,* 13 Ill. 301.

The court discusses the evidence with reference to appellant's offer to return, and says: "We are convinced in this case, on a review of the record, the situation of the parties and what had transpired before then, that defendant in error has not sustained the burden resting upon her to prove an offer to return in good faith, and that she is not entitled to a decree for separate maintenance."

It would seem to follow as a logical conclusion from the holding of the Supreme Court to the effect that the decree dismissing the first suit brought by appellee was an adjudication that appellee was not guilty of cruelty and misconduct toward appellant, and that the appellant "had left him without good cause," and from the finding of said court on the second suit for separate maintenance that appellant had not sustained the allegation, of good faith in her offer to return to appellee and resume marital relations, that the decree in the instant case should be affirmed.

When some specific fact has been adjudicated and determined in a former suit, and the same fact is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied upon, will be conclusive upon the parties in the latter suit, without regard to whether or not the cause of action is the same in both suits. *Pillsbury v. Early,* 324 Ill. 562; *Winkelman v. Winkelman,* 310 Ill. 568–572–573; *McNamara v. McNamara,*

303 Ill. 191–197; *Public Utilities Commission v. Smith,* 298 Ill. 151–161; *Mahannah v. Mahannah,* 292 Ill. 133–138.

A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined, is conclusively settled by a judgment therein, so far as it concerns the parties to that action, and cannot be again litigated in a future action between the same parties in the same court, or in any other court of concurrent jurisdiction, upon either the same or a different cause of action. *Winkelman v. Winkelman, supra; People v. Locklin,* 273 Ill. 106–108.

All of the pleadings, decrees and judgment of the Supreme Court reversing the separate maintenance suit, and the opinion, were offered in evidence, and as stated, the answer of appellant admitted the correctness of these records. In *Standard Brewery Co. v. Creedon,* 283 Ill. 474, the court in discussing a question of this character, at page 485, says:

"The pleadings and the decrees in the other cases in which plaintiff in error was a party were competent evidence." Citing *Prescott v. Fisher,* 22 Ill. 390. In *Schaefer v. Wunderle,* 154 Ill. 577, the court in discussing the effect of a decision of the Supreme Court reviewing a decree of a lower court, at page 583, says: "It would seem that, when the court of last resort has affirmed or reversed a decree, its decision should be an end of the litigation; and a bill to review such a decree is very much like an attempt to appeal from the decision affirming or reversing it. (*Felty v. Calhoon,* 147 Pa. St. 27.) The decision so affirming or reversing ought to be regarded as *res judicata,* as between the parties to the suit in which it is rendered. (*Abrams v. Lee,* 14 Ill. 167; *Lazell v. Francis,* 4 Scam. 421.)"

It would seem, from the exhaustive review by the Supreme Court of the pleadings and facts in the separate maintenance proceeding between appellee and ap-

pellant, and its very clear and conclusive statement as to the effect of the same, the doctrine above announced ought to apply in this case as to all matters litigated prior to the rendition of the decree of April 6, 1923, and we hold that it does.

An examination of the original bill filed by appellant in the second maintenance proceeding discloses that she had been advised by her counsel that the effect of the decree of April 6, 1923, was that she was not justified in living separate and apart from her husband. In the amended bill thereafter filed by her in said proceeding, she specifically states "that thereafter (after the dismissal of her bill for separate maintenance on June 27, 1922) being desirous of correcting on her part any errors or mistakes or conduct on her part against said defendant, and realizing that she was not justified in leaving the defendant and living apart and separate from him," etc. This in effect is an admission of record that at that time appellant was not justified in living separate and apart from her husband. *Schaefer v. Wunderle, supra,* 591; *Prescott v. Fisher, supra,* 393; *Blackburn v. Bell,* 91 Ill. 434-444; *Cronk v. Trumble,* 66 Ill. 428-432.

We have carefully examined the case of *Umlauf v. Umlauf,* 117 Ill. 580, relied on by appellant, and are of the opinion and hold that the language used by the Supreme Court in that case does not militate against our holding here. In that case it was not fully disclosed as to what the issues of fact and the evidence supporting the same were. In that case the court held that the question of the wilfullness of the wife in living apart from her husband was not determined in the separate maintenance proceeding; that the question there involved and determined was that she was not living separate and apart from her husband without her fault. The court in discussing the case stated that the husband might have been guilty of conduct which would have warranted the wife in living separate and

apart from him, but that such conduct might have been provoked by the wife, and if that were true she would not be living separate and apart from her husband without her fault.

In the instant case the conduct of appellee as well as of appellant, so far as that conduct was involved prior to the rendition of the decree on April 6, 1923, was passed upon as above set forth, and under the authorities cited has been adjudicated. Our holding that the rendition of the decree of April 6, 1923, is to be taken as the time back of which said matters have been determined is supported by *Baker v. Salzenstein,* 314 Ill. 226–233–234.

It should also be observed that appellant in her amended bill in the second maintenance suit admits that at the time she was not justified in living separate and apart from appellee, her husband. The Supreme Court has found that her offer to return as alleged in said bill was not in good faith. As the bill in the instant case was filed more than two years after appellant's admission of record that she was not justified in living apart from her husband, it would follow as a legal conclusion that she had wilfully absented herself or deserted her husband for more than two years prior to the filing of said bill. This being true, without reference to any other matters involved, the decree of the court was correct.

A husband is entitled to a divorce from his wife where she voluntarily leaves him and remains away for two years and does not within that time, in good faith and with a sincere desire to effect a reconciliation, return to him or offer to return. *Stevens v. Stevens,* 210 Ill. 362. A husband whose wife has absented herself from him for a period of two years without reasonable cause is entitled to a divorce on the ground of desertion. *Carter v. Carter,* 62 Ill. 445; *Frank v. Frank,* 178 Ill. App. 557–558; *Mathews v. Mathews,* 227 Ill. App. 465–469. Desertion and absence are treated

as synonymous in the decisions of this State. *Elzas v. Elzas*, 171 Ill. 632–639; *Carter v. Carter, supra*, 439; *Fritz v. Fritz*, 138 Ill. 436.

For the reasons above set forth, the decree of the circuit court will be affirmed.

*Decree affirmed.*