THE PEOPLE *ex rel.* Jacob H. Cline, County Treasurer, Appellant, *vs.* JOHN M. CAMP, Appellee.

*Opinion filed December 22, 1909.*

1. DRAINAGE—*meetings of farm drainage commissioners held outside district are illegal.* Powers of farm drainage commissioners are confined to and must be exercised within the territorial limits of the district, and meetings held outside the district, even at the town hall about three-fourths of a mile outside the district, are illegal.

2. SAME—*effect of attending meeting outside district—estoppel.* Even though a land owner, by attending and participating in a meeting of farm drainage commissioners held outside the district without objecting to the place of meeting, might be estopped to afterwards object to proceedings had at such meeting, he is not thereby estopped to object to, proceedings at subsequent meetings held outside the district.

3. SPECIAL ASSESSMENTS—*farm drainage assessment levied at meeting outside district is void.* A farm drainage assessment levied at a meeting of the commissioners held outside the district is void, and an objection to such assessment is properly sustained upon application for judgment and order of sale.

APPEAL from the County Court of Piatt county; the Hon. E. J. HAWBAKER, Judge, presiding.

W. A. DOSS, and REED & REED, for appellant.

W. G. CLOYD, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee is the owner of certain land in Piatt county, situated in Union Mutual Drainage District No. 4, a mutual drainage district organized under the Farm Drainage act. The collector of Piatt county applied to the county court for judgment against said lands for the second installment of a drainage assessment alleged to be delinquent. Appellee filed objections to the judgment, which were sustained, and the collector appealed.

The objections were, that there was no valid classification of the lands of the district because the meeting of the commissioners for classifying the lands and for hearing objections to the classification was held without the territorial limits of the district, and that there was no valid assessment because there was no assessment made at a meeting of the commissioners within the district.

The evidence showed that all the meetings of the commissioners had been held at the town hall, which was about three-quarters of a mile outside the district. We have held recently that the powers of drainage commissioners are confined to the territorial limits of the district and must be exercised within its boundaries. *People* v. *Carr,* 231 Ill. 502; *People* v. *Schwank,* 237 id. 40; *People* v. *Anderson,* 239 id. 266; *People* v. *Hepler,* 240 id. 196.

It is argued that the reasonable inference from the Farm Drainage act as a whole is, that the commissioners may lawfully hold meetings at the town clerk's office, even though it is outside the district. The reasons advanced for this contention were considered in the determination of the former cases, and we see no reason to depart from the conclusion announced in them.

It is also insisted that the appellee is estopped from objecting to the place of meeting because he was present at and participated in the meeting at the town hall to hear objections to the classification and made no objection to the place of meeting. Even if it were conceded that the appellee was estopped by his conduct from objecting to the proceedings at that meeting, he could not thereby confer authority on the commissioners to hold subsequent meetings outside the district, and would not be estopped from objecting to the proceedings at such meetings.

The levy of the assessment at a meeting held outside of the district was void, and the objection to judgment was properly sustained for that reason.

The judgment will be affirmed. *Judgment affirmed.*