(No. 11863.—Judgment affirmed.)

THE PEOPLE *ex rel.* N. E. Matter, County Collector, Appellant, *vs.* PETER LARSEN, Appellee.

*Opinion filed February 20, 1918.*

1. DRAINAGE—*if classification is void the assessment is void.* Drainage commissioners are required by the Farm Drainage act to classify the lands as a basis for making a drainage assessment, and if the classification is void the assessment is also void.

2. SAME—*classification made outside of district is void—collateral attack.* A classification of lands for a drainage assessment under the Farm Drainage act made at a meeting of the commissioners held outside the boundaries of the district is void and is subject to collateral attack on the application of the county collector for judgment for a delinquent assessment.

3. SAME—*when a party is not estopped to object to classification.* Where the classification of lands under the Farm Drainage act is made at a meeting held outside the boundaries of the district a land owner is not estopped to object to the classification because he purchased his land from one of the commissioners who made the classification.

APPEAL from the County Court of DuPage county; the Hon. S. L. RATHJE, Judge, presiding.

BUNGE & HARBOUR, for appellant.

JOSEPH A. REUSS, and WILLIAM R. FRIEDRICH, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant, the county collector of DuPage county, applied to the county court of the said county for judgment against the lands of appellee, Peter Larsen, for a delinquent supplemental drainage assessment. The drainage district was organized under the Farm Drainage act in 1909, of lands embraced entirely in Downers Grove township, in DuPage county. The original assessment to pay the cost of the improvement was $6703.92. In July, 1913, an ad-

ditional or supplemental assessment of $1005.41 was levied, confirmed and extended against the lands upon the original classification made and adopted and upon which the original assessment was extended. All land owners in the district paid the amounts assessed against their lands by the supplemental assessment except appellee, whose lands were assessed $112.72. Appellant says in his brief that appellee filed objections to the judgment, and "the court sustained the objection that the assessment was void by reason of the fact that the meeting at which said assessment was levied was held outside of the boundaries of said district;" that by leave of court the collector withdrew his application for judgment, and thereafter the drainage commissioners held a meeting within the boundaries of the district, adopted a resolution canceling and declaring null and void said supplemental assessment and levied another supplemental assessment for the same amount. It is this assessment, called assessment roll No. 3, which is involved in this proceeding.

Appellee filed five objections to the judgment against his lands for said assessment. The objections were: (1) No valid classification of the lands in said district had been made; (2) the amount of said assessment was levied to pay pre-existing indebtedness; (3) the assessment was not levied for any purpose that a supplemental assessment could be levied under the statute; (4) the alleged assessment was against the lands of the objector, only, and the other lands in the district were not assessed; and (5) no benefits have accrued to objector's lands because of said alleged assessment. The court sustained the first two objections and overruled the remaining objections.

It is admitted the first supplemental assessment was made outside of the district, and the action in withdrawing the application for judgment and of the commissioners in holding another meeting within the boundaries of the district and levying a second supplemental assessment is a confession that the first supplemental assessment was void.

The record shows the meeting at which said supplemental assessment was levied was held in the village of Downers Grove, and it must necessarily follow that the village of Downers Grove is not within the boundaries of the district. The record also shows that the meeting of the commissioners held on July 23, 1909, at which the classification was made and adopted, was held at the village hall in the village of Downers Grove, and was therefore held outside of the boundaries of the district. For these reasons the county court sustained appellee's objection to the classification.

This question was passed upon by this court in *People v. Camp,* 243 Ill. 154. That case was an application by the county collector for judgment against objector's lands for a delinquent second installment of a drainage assessment. The objections were, "that there was no valid classification of the lands of the district because the meeting of the commissioners for classifying the lands and for hearing objections to the classification was held without the territorial limits of the district," and also that the assessment was not made at a meeting of the commissioners held within the district. The court held, following previous decisions cited in the opinion, that the powers of the drainage commissioners are confined to the territorial limits of the district and must be exercised within its boundaries and that an assessment levied at a meeting held outside the district was void.

The commissioners are required by the statute to classify the lands as a basis for making the assessment, and if the classification is void it seems the assessment must also be void. In *Cosby* v. *Barnes,* 251 Ill. 460, the court said: "This court has held that the classification of lands in a farm drainage district is the vital thing to the land owner, as the classification, when established, forms and remains the basis upon which all drainage taxes must be levied in the district; [citing authorities;] that it is the classification, and not the spreading of an assessment, that affects the rights of land owners." If the classification was void

it is subject to attack collaterally. Here we think the classification must be held to be void and not merely erroneous.

Appellee purchased his land in March, 1913, from Albert Atwood, who was a commissioner of the district at the time the classification was made and adopted, and it is contended that appellee is chargeable with notice of the facts and is estopped from raising the question as to classification. We do not think there is any basis in this record for an estoppel.

If we are correct in these views it is unnecessary to notice the other questions raised by the assignment of errors and cross-errors.

The judgment of the county court is affirmed.

*Judgment affirmed.*