A. J. EUSTACE *et al.*

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed December 22, 1904—Rehearing denied Feb. 9, 1905.*

　　1. SPECIAL ASSESSMENTS—*when an improvement is substantially different from the one authorized.* A pavement which at certain street intersections is greatly variant from the grade as fixed by the ordinance, the difference being occasioned by the presence of viaducts which it is claimed the city council overlooked, is substantially different from the one authorized by the ordinance.

　　2. SAME—*city cannot let contracts for improvement not authorized by ordinance.* If a pavement cannot be constructed as provided for in the ordinance without destroying the usefulness of the street it is the duty of the city council to repeal the ordinance; and it can not construct a different improvement and compel property owners to pay assessments therefor upon the ground that the improvement constructed was more beneficial than the one authorized.

　　3. REHEARINGS—*can only be asked on case as first made.* An additional record placed on the files by the appellee after appellant had filed his abstract and brief, which record was not abstracted or in any way called to the court's attention on the hearing, will not be considered by the court upon petition for rehearing.

　　APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

　　GEORGE W. WILBUR, for appellants.

WILLIAM M. PINDELL, (EDGAR BRONSON TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an application by the appellee treasurer for judgment and order of sale of certain lots and tracts of real estate belonging to the appellants, for an alleged unpaid first installment of a special assessment levied under an ordinance of the city of Chicago providing for the curbing, grading and paving of South Canal street from the south line of West Harrison street to Lumber street, in said city. The appellants interposed a number of objections to the application, but the only objection necessary to be considered is, that the improvement as constructed is other and different than the improvement provided to be constructed by the ordinance.

The ordinance provided that South Canal street should be so graded that the surface of the pavement of the finished roadway should coincide with the grade of said Canal street, which grade the ordinance established at the various street intersections, among others as follows: At the south line of West Harrison street 14.0 feet above city datum; at the intersection of said South Canal street and West Polk street, 14.6 feet above city datum. The surface of the roadway as constructed is 20.32 feet above city datum at the south line of West Harrison street, being 6.32 feet above the grade as fixed by the ordinance, and the surface of the roadway of the street as constructed at the intersection of West Polk street is 22.67 feet above city datum, being 9.07 feet higher than provided in the ordinance. There is a viaduct at West Harrison street, and also a like structure at West Polk street, and it appears from the testimony that the roadway was constructed at a greater height at each of the points, and along the approaches thereto, than provided in the ordinance, because of these viaducts.

The total of the assessments for which judgment of confirmation was entered was $55,500, but the total cost of the work as completed was shown to be $71,509.29, being $16,009.29 in excess of the total amount for which judgments of confirmation were entered. This large increase in the cost of the improvement was occasioned in the greater part by the construction of the grading of the street in an entirely different manner from that authorized by the ordinance.

Counsel for the city say, that when the ordinance was adopted the existence of the viaducts at West Harrison and West Polk streets was overlooked and not taken into consideration by the city council, and say the presumption must unquestionably be indulged that a clerical error was made in establishing the grades at these points several feet below the grade of the viaducts. The position that the city council overlooked and did not take into consideration the viaducts is entirely inconsistent with the suggestion that the heights named in the ordinance at the points where the viaducts are situate were merely clerical errors. But however this may be, the improvement which has been constructed is materially and substantially different from that which the ordinance authorized to be made. The departure from the ordinance is material and substantial in two respects: It increases the grade of the streets at the south line of West Harrison street 6.32 feet, and also increases the grade of that street from that point southward to the point of the beginning of the approach to that viaduct; it increases the grade at the center of the intersection of South Canal street and West Polk street 9.07 feet, and also increases the grade from that point to the north and south to the beginning of the approaches from each direction. The improvement as completed is substantially different from that authorized by the ordinance, and the changes materially increased the cost of the improvement.

The fact that if the improvement had been constructed in accordance with the provisions of the ordinance the fin-

ished surface of the street would have been several feet below the grade of the viaducts and would have destroyed the usefulness of the street would not justify the city authorities in making an improvement not authorized by the legislative body of the city to be made. The power rested in the city council to repeal the ordinance if it was found to be defective and insufficient, and to adopt another ordinance providing for such other character of improvement as the judgment and discretion of the city council should dictate. The city cannot let contracts for an improvement not authorized to be made by an ordinance and require the property owners to pay special assessments therefor on the ground that the work as done is more beneficial to the property owners than the improvement that was authorized by the ordinance to be made.

The judgment must be and is reversed and the cause will be remanded.  *Reversed and remanded.*

Subsequently, on petition for rehearing, the following additional opinion was filed:

Per CURIAM: Under a petition for rehearing we have again investigated this record. The appellee obtained leave to file an additional record, and it seems did place an additional record on file, but not, however, until after appellants had filed their abstract and brief. The additional record was not, however, abstracted, and did not come to the notice or knowledge of the court, nor is it referred to in the brief of the appellants. The principal grounds for a rehearing are based on this additional record, and hence on points not presented for decision by the submission of the cause. These points cannot, therefore, be considered for the first time on petition for rehearing. All matters presented and considered by the submission have been correctly decided. A rehearing is therefore denied.