THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer,

*v.*

H. COHEN *et al.*

*Opinion filed December 20, 1905—Rehearing denied Feb. 7, 1906.*

1. RES JUDICATA—*when judgment of Supreme Court is not res judicata.* A judgment of the Supreme Court reversing a judgment of sale for the first installment of a special assessment upon the ground that on the record then before the court there had not been a substantial compliance with the terms of the ordinance, and remanding the cause generally, is not *res judicata* on application for judgment of sale for the second installment under a different record.

2. CONSTITUTIONAL LAW—*what is due process of law.* An orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce and protect his rights before a court having power to hear and judicially determine the case, is due process of law.

3. SAME—*when denial of right to appeal or writ of error does not affect validity of statute.* The fact that the right of appeal or writ of error in a purely statutory proceeding is denied by the express terms of the act does not affect the validity of the statute.

4. SPECIAL ASSESSMENTS—*a judgment under section 84 of the Improvement act is res judicata.* A judgment of the county court under section 84 of the Local Improvement act, after notice to the property owners, approving the certificate of the board of local improvements that an improvement has been completed in substantial compliance with the terms of the ordinance, is *res judicata* of that question in a subsequent proceeding to collect the assessment.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (JAMES H. LEWIS, Corporation Counsel, of counsel,) for appellant.

GEORGE W. WILBUR, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an application of the county treasurer and *ex officio* county collector of Cook county for a judgment and order of sale for a delinquent second installment of a special assessment for curbing, grading and paving with granite blocks South Canal street from West Harrison street to the north line of the right of way of the Chicago, Burlington and Quincy railroad on Lumber street, warrant No. 31,183. The appellees objected to the application on the grounds, among others, (1) that the county court had no jurisdiction herein for the reason that the subject matter of the said application has been fully and finally determined by this court against the petitioner; and (2) that the improvement as constructed is other and different from the one described in the ordinance which is the basis of this application.

Upon the hearing the court admitted in evidence, over the objection of the appellees, the certificate of the board of

local improvements showing a statement of the cost of the improvement and that the improvement had been completed in substantial compliance with the ordinance, and also an order entered in the county court, after giving the notice required by the statute, approving and confirming such certificate. The court permitted the appellees, over the objection of the appellant, tò introduce evidence tending to show a variation between the improvement as completed and the provisions of the ordinance. Over the objection of the appellees the appellant introduced evidence for the purpose of showing a substantial compliance with the ordinance. After the hearing the court entered an order sustaining the objections interposed by the appellees, and this is an appeal from such order and judgment.

The appellees urge in support of their first objection that the question whether the improvement as completed was in substantial compliance with the provisions of the ordinance was *res judicata,* having been finally determined by the decision of this court in *Eustace* v. *People,* 213 Ill. 424, which involved the collection of the first installment of the assessment for the same improvement. In that case we held that upon the record then before us, in making the improvement there had not been a substantial compliance with the terms of the ordinance, but the judgment in the case was reversed and the cause remanded generally. We do not agree with the contention of appellees that the decision in said case is *res judicata.* An order of this court reversing a judgment and remanding the cause generally has the effect only of a final judgment upon the facts then in the record, but the parties are not estopped thereby from introducing further evidence tending to prove or disprove the issues as joined after the re-instatement of the cause. (*In re Estate of Maher,* 204 Ill. 25; *Illinois State Trust Co.* v. *St. Louis, Iron Mountain and Southern Railway Co.* 217 id. 504). The record now before us is not the same as was the record in the *Eustace case, supra.* In the *Eustace case* the record did not con-

tain a certificate of the board of local improvements certifying that the improvement had been completed in substantial compliance with the requirements of the ordinance or the order of the county court approving and confirming the same after a hearing in that court, as does the record in the case at bar. (See opinion on rehearing in *Eustace case.*)

Under the view we take of this case it will not be necessary to consider the second ground of objection urged by appellees,—that it appeared from the testimony introduced herein that the improvement was not constructed in substantial compliance with the provisions of the ordinance.

This brings us to the consideration of the contention of the appellant that the certificate of the board of local improvements showing the cost of the improvement and a recitation that the ordinance had been substantially complied with in making the improvement, and the order of the court approving and confirming the same, entered after notice and a hearing, are *res judicata* of the question of fact approved and confirmed by said order.

The appellees intimate in their brief that section 84 of the Local Improvement act, authorizing the action of the board of local improvements and that of the county court in approving and confirming the same, is unconstitutional, in that, as they contend, it deprives the property owners of their property without due process of law. This section 84 provides that the property owners shall be notified of the filing of the certificate, and of the time and place of hearing the same, by publication and posting of notices; that objections may be filed to the approval of the certificate of the board of local improvements by such property owners within a time specified in the act; that a trial shall be had before the court, and that the court shall judicially hear and determine the issues in a summary manner, and that the order of the court shall be conclusive on all parties. An orderly proceeding, where a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce

and protect his rights before a court having power to hear and judicially determine such case, is due process of law. (8 Cyc. 1082.) The denial of the right of appeal or of the right to sue out a writ of error in a statutory proceeding can not affect the validity of the statute. The right to prosecute an appeal from the judgment of a trial court is purely statutory, (*Lingle* v. *City of Chicago,* 210 Ill. 600,) and in statutory proceedings, such as the case at bar, a writ of error is not a writ of right where the legislature has seen fit to provide otherwise. (*Hart Bros.* v. *West Chicago Park Comrs.* 186 Ill. 464.) One of the principal issues below, and which, when settled, would be decisive of the case, was whether or not there had been, in the construction of the improvement, a substantial compliance with the terms of the ordinance. The contention of the appellant is that that issue had been decided by the county court, and that it was proper for the court to admit in evidence the record of the proceedings in the county court tending to prove that issue. A judgment or order of the county court on that question having been entered, which judgment or order was by the statute made final and conclusive, was a judicial determination of the question and was *res judicata,* and could not be raised again in a collateral proceeding.

The record of the filing of the certificate of the board and the order of the court confirming the same were properly received in evidence.

The judgment of the county court must be and is reversed, and the cause will be remanded to that court with directions to enter a judgment and order of sale in conformity with the application.

*Reversed and remanded, with directions.*