THE PEOPLE *ex rel.* William Piatt Smith, County Collector, Appellee, *vs.* HELEN LOCKLIN, Appellant.

*Opinion filed April 20, 1916.*

1. RES JUDICATA—*what necessary to render a former adjudication an absolute bar—estoppel by verdict.* Where a former adjudication is relied upon as an absolute bar, there must be, as between the two actions, identity of parties, of subject matter and cause of action; but an estoppel by verdict may arise even though the cause of action is not the same in the two suits.

2. SPECIAL ASSESSMENTS—*when judgment as to one installment is res judicata as to other installments.* A judgment of the county court sustaining an objection to the second installment of a special assessment on the ground that the confirmation proceedings were void is binding while it remains unreversed and is *res judicata* when the same question is raised by the same objector as to the third installment.

3. SAME—*when a record cannot be contradicted by oral testimony.* A record stating in specific terms that a judgment for the second installment of a special assessment was refused because the original proceedings were void cannot be contradicted by oral testimony in a subsequent proceeding.

APPEAL from the County Court of Piatt county; the Hon. W. A. Doss, Judge, presiding.

HERRICK & HERRICK, for appellant.

THOMAS J. KASTEL, State's Attorney, GEO. M. THOMPSON, and J. L. HICKS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Piatt county overruling the objections of appellant interposed to an application by the county collector for judgment for an alleged delinquent installment of a special assessment. In 1911 the ordinance was passed for such special assessment for paving, curbing and draining part of Bodman street, in the village of Bement, in said county. At this time the lands were assessed in the name of the Frank Locklin estate. The assessment was divided into ten installments. The first one, upon coming due, was paid by the administrator of the Locklin estate. When the next installment came due, in 1914, appellant herein filed objections to the application for judgment of sale against her land for said second installment. Her objections, among other things, stated, that at the time of the confirmation of said assessment the county court was without jurisdiction of the parties or the subject matter and that such confirmation proceedings were null and void as to said property here objected for. The county court sustained the objections which so stated. From that judgment no appeal was taken or writ of error sued out. That judgment has not been vacated, annulled or set aside but is still in full force and effect as to said second installment. In 1915 this property was again advertised for sale on account of appellant's failure to pay the third installment of said assessment, maturing on January 1, 1915. Appellant filed objections to this application, urging, among other

things, that the original assessment proceedings under which said assessment was confirmed were null and void, and also setting up the fact that such proceedings had been held null and void as to said second installment, in the proceedings in the county court in 1914. On the hearing, appellant offered the objections filed by her on the former hearing, and also the judgment of the county court refusing judgment on said second installment.

Counsel contend that the judgment on said second installment should have been held by the trial court as an absolute bar to judgment on a subsequent installment of the same assessment on the same piece of property. "Where the former adjudication is relied upon as an absolute bar, there must be, as between the two actions, identity of parties, of subject matter and cause of action. There is, however, a clearly defined distinction between that class of cases and where some controlling fact or matter material to the determination of both causes has been adjudicated in a former proceeding in a court of competent jurisdiction and the same fact or matter is again at issue between the same parties. In this latter case the adjudication of the fact or matter in the first suit will, if properly presented, be conclusive of the same question in the latter suit, irrespective of whether the cause of action is the same in both suits or not. This is generally denominated 'estoppel by verdict." (Leopold v. City of Chicago, 150 Ill. 568.) This court had the identical question here under consideration before it in Markley v. People, 171 Ill. 260, and there said (p. 263) : "Admitting that the subject matter in the two applications is not the same, in one case it being the fourth installment and in the other the fifth, still they are both parts of one assessment and based on one judgment of confirmation. However this may be, it is clear, upon the authorities cited, the court having held, upon the application for judgment on a former installment, that the ordinance on which the judgment of confirmation is based is void, it decided a ma-

terial and essential fact to a recovery in this case;" and there held that the judgment holding the assessment void on the fourth installment was *res judicata* in the hearing on the fifth installment. The reasoning in that case must control here. The authorities in this State are all in accord with the holding in that decision. A few among the many are: *Central Investment Co.* v. *Melick,* 267 Ill. 564; *Marie M. E. Church* v. *Trinity M. E. Church,* 253 id. 21; *Hanna* v. *Read,* 102 id. 596; *Chicago Theological Seminary* v. *People,* 189 id. 439; *Herschbach* v. *Cohen,* 207 id. 517.

The trial court held in this case that the judgment of the county court as to the second installment was erroneous and therefore was not binding on the hearing on the third installment. This ruling of the court was error. The judgment of the county court as to the second installment, even if erroneous, being a final judgment, was *res judicata* when the same question was raised as to the third installment. *Jenkins* v. *International Bank,* 111 Ill. 462; *People* v. *Whittaker,* 254 id. 537.

Counsel for appellee, on the hearing in the trial court, introduced the testimony of a former State's attorney attempting to show that judgment as to the second installment was not refused by the county court because the proceedings were void, but for mere irregularities and defects which did not render the proceedings void. The record in that former hearing stated in specific terms that the judgment was refused because the original proceedings were void. That record could not be contradicted by oral testimony. The trial court should have sustained the objections to this installment.

The judgment of the county court is reversed and the cause remanded, with directions to sustain the objections.

*Reversed and remanded, with directions.*