THE PEOPLE *ex rel.* G. Stanley Olmsted, County Collector,
Appellee, *vs.* ALBERT M. PRATHER *et al.* Appellants.

*Opinion filed June 16, 1926—Rehearing denied October 12, 1926.*

1. DRAINAGE—*all heirs of deceased owner need not join in ob-
jections.* The fact that one of the heirs of a deceased land owner
does not join with the widow and the other heirs in filing objec-
tions to the application of the county collector for judgment for
drainage assessment is not ground for dismissing the objections,
even though there has been no administration and the interest of
the widow is not set off.

2. SAME—*organization of district cannot be questioned in pro-
ceeding to collect delinquent assessments.* The question whether
a drainage district was legally organized cannot be raised in the
county collector's proceeding to collect delinquent assessments
where there is a valid law for the organization of the district and
an attempt to organize thereunder, as such district is a *de facto*
district, whose existence cannot be questioned collaterally.

3. SAME—*acts of drainage commissioners can be shown only by
drainage record.* As the law requires drainage commissioners to
keep a record of their proceedings, to be known as the "drainage
record," such record is the only competent evidence of the acts of
the commissioners and it cannot be contradicted or supplemented
by parol evidence.

4. SAME—*there is no presumption of performance of acts of
drainage commissioners.* As drainage commissioners exercise a
special authority conferred upon them by statute there are never
any intendments or presumptions of law in favor of their acts, and
whatever they have done must be found from their record, and
unless sufficient is found to show that they have acted upon par-
ticular matters required, the law does not, and the courts cannot,
presume that they have so done.

5. SAME—*notice of meeting to hear objections to classification
must be shown by record.* Unless it is shown by the record of the
drainage commissioners that the notice to land owners required by
the statute of the meeting to hear objections to the classification
of the lands made by the commissioners has been given or the land
owners voluntarily appear, there is a lack of jurisdiction in the
commissioners to levy an assessment against lands of such owners.

6. SAME—*illegal classification renders assessment void.* If the
classification of the lands of a drainage district is void the assess-
ment against the lands is likewise void.

7. SAME—*the failure to take jurisdictional steps in classifying lands may be raised in collector's proceeding.* Where jurisdictional preliminary steps have not been taken by the drainage commissioners in classifying the lands within the drainage district for assessment the property owner may raise the question of jurisdiction upon the hearing of the application of the county collector, provided he has not previously had the question litigated by removal of the drainage record to the county court, as provided in section 24 of the Farm Drainage act.

8. SAME—*files in office of town clerk cannot be relied upon to prove acts of drainage commissioners.* While files found in the office of the town clerk might be sufficient memoranda for use as a basis for supplying omissions in a drainage record, the files themselves are not the record and the acts of the drainage commissioners cannot be proved by them.

APPEAL from the County Court of Vermilion county; the Hon. WILLIAM T. HENDERSON, Judge, presiding.

CLARK & HUTTON, for appellants.

ELMER O. FURROW, State's Attorney, RAY & YOUNG, and LEWMAN & CARTER, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

In 1920 drainage district No. 3 of the towns of Grant and Ross, in Vermilion county, was organized under authority of section 76 of the Farm Drainage act. It included within its boundaries two farms belonging to George Prather. April 5, 1924, a special assessment was spread against the lands of the district. Prather died intestate on October 5, 1924, leaving surviving his widow and three adult children. Appellants, being the widow and two of Prather's children, refused to pay the assessment against their interest in the lands which they inherited from Prather and the county collector made application to the county court of Vermilion county for judgment and order of sale. Appellants filed a number of objections, the substance of which is that the district was illegally organized and that

the commissioners did not have jurisdiction to enter the order levying the assessment in question. The court overruled the objections and entered judgment. This appeal followed.

Appellee contends that inasmuch as there has been no administration of the estate of George Prather and the interest of the widow set off, the widow and two of the heirs cannot file an objection to the application of the county collector for judgment where one of the heirs refuses to join with them in the objection. Unless the widow elects to take dower in the lands of the deceased within one year after letters of· administration have been issued, she receives as her absolute estate, in lieu of dower, one-third of each parcel of real estate of which the intestate died seized. At the time these objections were filed and at the time judgment was entered the fee to the lands in question was in the widow and the three children, as tenants in common. If the contentions of appellee were sustained these objectors would have their property subjected to a judgment for special assessments which they contend are void. The court properly refused to dismiss the objections on this ground.

Much of appellants' brief is devoted to argument in support of their contention that the district was not organized according to law. Whatever merit there may be in their claims the question is not open in a proceeding of this character. Granting that the district was not legally organized it is a *de facto* drainage district, and the legality of the action of the commissioners in organizing it cannot be inquired into upon the application of the county collector for judgment for delinquent drainage assessments. There was a valid law in existence under which such a drainage district might have been legally organized, and there was an attempted organization. There is now a user of the franchise pertaining to the drainage district, and the acts of its officers do not constitute a mere usurpation of power without the authority of any law. It cannot be determined

in this collateral proceeding whether this *de facto* drainage district was legally organized. *People* v. *Dyer,* 205 Ill. 575; *Rogne* v. *People,* 224 id. 449; *People* v. *York,* 247 id. 591.

To sustain their objection that the lands were not legally classified, appellants introduced evidence for the purpose of showing an absence of records showing that the necessary preliminary steps had been taken to make a valid classification. Section 2 of the Farm Drainage act provides that the town clerk shall be the clerk of the drainage commissioners, and that he shall keep in a well-bound book, to be known as the "Drainage record," a record of the proceedings of the commissioners. When the law requires records of proceedings to be kept by drainage commissioners and similar bodies they are the only competent evidence of the action to which they refer, and such records cannot be contradicted or supplemented by parol by the body concerning whose action the record speaks. (*People* v. *Carr,* 231 Ill. 502; *People* v. *Carr,* 265 id. 220; *People* v. *Hartquist,* 311 id. 127.) The drainage commissioners are exercising a special authority conferred upon them by the drainage statute and there are never any intendments or presumptions of law in favor of their acts. Whatever they have done must be found from their record, and unless sufficient is found to show that they have acted upon particular matters required, the law does not, and the courts cannot, presume that they have so done. (*People* v. *Warren,* 231 Ill. 518.) Unless it is shown by the records of the drainage commissioners that the notice to land owners, required by the statute, of the meeting to hear objections to the classification of the lands made by the commissioners has been given or the land owners voluntarily appear, there is a lack of jurisdiction in the commissioners to levy an assessment against the lands of such land owners. (*People* v. *Welch,* 252 Ill. 167.) If the classification of the lands is void the assessment against the lands is likewise void. (*People* v. *Larsen,* 282 Ill. 501.) Section 24 of the Farm Drainage

act provides that the objectors may remove the record of the drainage commissioners to the county court of the county in which the district was organized for a determination of the lawfulness of the order entered by the commissioners. If the case is so removed and a trial had, then the objector has had his day in court and cannot re-litigate the question upon the application of the county collector for a judgment upon failure to pay the assessment. (*People* v. *Bradshaw,* 303 Ill. 558.) In reviewing the decision of the commissioners the court is not exercising appellate jurisdiction but is making an original judicial investigation. (*People's Gas Light and Coke Co.* v. *City of Chicago,* 309 Ill. 40; *Rowand* v. *Little Vermilion Drainage District,* 254 id. 543.) This special statutory right to a judicial determination of the objectors' property rights provided by section 24 is not exclusive. Where jurisdictional preliminary steps have not been taken by the drainage commissioners in classifying the lands within the drainage district for assessment, the property owner may raise this question of jurisdiction upon the hearing of the application of the county collector notwithstanding the special statutory remedy of which he might have availed himself if he had so chosen. *Maxwell* v. *People,* 189 Ill. 546; *People* v. *City of Toulon,* 300 id. 408.

The burden was upon appellants to show that the records of the drainage commissioners did not show that the necessary preliminary steps had been taken in the classification of these lands. The town clerk was asked to produce the drainage record, and he testified that he produced all that he could find. The record shows the several steps that were taken in the organization of the district, but it does not show any of the steps taken in the classification of the lands of the district. He produced certain files from his office which purported to show (1) that notices were posted fixing November 24, 1920, as the day when, and the residence of Lester Cheney within said district as the place

where, the commissioners would meet to hear objections to their classification; (2) that this meeting was adjourned to November 27; and (3) a classification purporting to have been made at a meeting held on the latter date. There is no record showing that the commissioners at a regular meeting fixed a time for the hearing of objections to the classification made by them, nor is there a record showing that notice of this hearing was given by the clerk of the district, as required by section 23 of the Farm Drainage act. Nor is there a record showing that the commissioners, or any of them, met at the time and place fixed for the hearing, that they adjourned the first hearing to a later date, that they made public announcement of the adjournment and caused a notice to be posted, or that they had the hearing and made a modified or corrected classification, in accordance with section 24 of the act. The clerk who testified was not the clerk who was in office at the time it is claimed the classification was made. He testified that he produced all the records and files of his office pertaining to the district of which he had any knowledge. The statute requires that all the proceedings, findings and order of the commissioners pertaining to the subject of drainage shall be kept by the clerk in a well-bound book to be known as the "Drainage record." While files found in the office of the clerk might be sufficient memoranda for use as a basis for supplying omissions in the record, the files themselves are not the record and the acts of the drainage commissioners cannot be proven by them. Appellants have shown that there is no record showing that the drainage commissioners took the necessary preliminary steps to classify the lands of the district and to levy the assessment against the lands of appellants, and for that reason the court should have sustained the objections.

The judgment is reversed and the cause is remanded to the county court of Vermilion county for further proceedings.

*Reversed and remanded.*