THE PEOPLE ex rel. Patrick J. Carr, County Collector, Appellee, vs. OMEGA CHAPTER OF PSI UPSILON FRATERNITY, Appellant.

*Opinion filed February 16, 1927.*

TAXES—*when a former adjudication that property is exempt estops collector in subsequent year.* For a former adjudication to operate as an estoppel by verdict it is not required that the cause of action in the subsequent suit be upon the same claim or demand as the former action, and a judgment sustaining objections to the collection of taxes is conclusive in an action to collect taxes for subsequent years where the property was there adjudicated to be exempt on the same grounds relied upon in the later suit and there has been no change in conditions. (*Chicago Theological Seminary* v. *People,* 189 Ill. 439, distinguished.)

APPEAL from the County Court of Cook county; the Hon. EDMUND K. JARECKI, Judge, presiding.

MONTGOMERY, HART & SMITH, (VICTOR C. MILLIKEN, of counsel,) for appellant.

ROBERT E. CROWE, State's Attorney, and ROBERT C. O'CONNELL, (HAYDEN N. BELL, W. W. DEARMOND, and JAMES F. CLANCY, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The county collector of Cook county made application to the county court in June, 1926, for judgment and order of sale of the real estate of Omega Chapter of Psi Upsilon Fraternity for taxes for 1925. Objections to judgment and order of sale of the property were filed but were overruled and judgment rendered, from which this appeal is prosecuted.

The objections filed were that the property belonged to the objector, a charitable organization, and was used during

the year of 1925 for charitable and educational purposes, and the county court had in 1924 and 1925 held the same property exempt from taxation so long as its use remained the same, and it was claimed those decisions were conclusive that the property was exempt.

Counsel for appellant say the sole question to be determined is whether the judgments of the county court in 1924 and 1925 sustaining objections to the applications for judgment and sale for the taxes of 1923 and 1924 and holding the property was exempt, and the property being still devoted to the same use and there having been no change, are conclusive that the property is exempt. Counsel invoke the rule that when a question is once determined by a court of competent jurisdiction it is forever binding upon the parties and their privies, which is known as estoppel by verdict. Appellee does not deny the rule but insists it was not shown that the precise question here presented was determined in the former adjudications.

The objections to judgment for taxes of 1923 stated the objector was a corporation not for profit, and further stated that it is a charitable corporation and the property is used entirely for a charitable and educational purpose, wherefore the objector prayed that it be adjudged exempt from taxation. After full hearing it was adjudged that the property was exempt from taxation for the year 1923 and thereafter so long as owned and used by the corporation for charitable uses and purposes. The objections to judgment for the taxes of 1924 were that the property was owned by a charitable organization and used for charitable and educational purposes. There were two grounds of objection to judgment for the taxes of 1925, viz., that the property had been and was then used entirely for charitable and educational purposes, and that it was adjudged by the county court of Cook county that the property was exempt from taxation because it was used for charitable and educational purposes. Appellee contends the burden was on

the objector to show the questions determined were the same in each of the previous years and it has not conclusively done so. To our minds this is a misapprehension. While the phraseology used in the objections for the different years may differ slightly, the claim in each year was that the property was owned by a charitable organization and used for charitable and educational purposes and for that reason was exempt from taxation. The record does not show that question was mixed or complicated with any claim of any change of the use of the property at any time or with any other question. It is not required that the cause of action in the subsequent suit be upon the same claim or demand as the former action, and we are convinced this is a clear case for applying the rule of estoppel by verdict. It is unnecessary to quote from the many cases, but we cite a few of them: *Hanna* v. *Read,* 102 Ill. 596; *Dempster* v. *Lansingh,* 244 id. 402; *United States* v. *Moser,* 266 U. S. 236.

A judgment sustaining objections to the collection of taxes is conclusive in an action to collect taxes for subsequent years where the property was adjudicated exempt on the same grounds and there has been no change. *People* v. *Locklin,* 273 Ill. 106; *New Orleans* v. *Citizens Bank,* 167 U. S. 371; *Chicago, Milwaukee and St. Paul Railway Co.* v. *Nelson,* 100 N. W. (Wis.) 1033; *New Jersey Junction Railroad Co.* v. *Mayor,* 56 Atl. (N. J.) 121; *Kansas City Exposition Driving Park* v. *Kansas City,* 74 S. W. (Mo.) 979.

The only authority cited and relied on by appellee is *Chicago Theological Seminary* v. *People,* 189 Ill. 439. That case is not in conflict with any of the decisions cited. The opinion holds that it was not clear in that case that the same question was involved in a prior proceeding,—not whether the exemption claimed was based upon the objector's charter or under the provisions of the Revenue

law. We have before stated that we understand the language used in the objections in the prior proceedings and the questions presented for the county court to decide were precisely the same as the question presented under the objections filed in this case.

We think the court erred in overruling the objections, and its judgment is reversed.    *Judgment reversed.*