(No. 19441.—

THE PEOPLE *ex rel.* George F. Harding, County Collector, Appellee, *vs.* OMEGA CHAPTER OF PSI UPSILON FRATERNITY, Appellant.

*Opinion filed June 19, 1929.*

MONTGOMERY, HART & SMITH, (LOUIS E. HART, and VICTOR C. MILLIKEN, of counsel,) for appellant.

JOHN A. SWANSON, State's Attorney, LOUIS H. GEIMAN, JAMES F. CLANCY, and E. CLARK DAVIS, (HAYDEN N. BELL, of counsel,) for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The county treasurer and *ex-officio* county collector of Cook county made application in 1928 to the county court for judgment and order of sale of a certain improved lot in the city of Chicago belonging to Omega Chapter of Psi Upsilon Fraternity, for delinquent taxes for the year 1927. Objections to judgment and order of sale of the property were filed, which were overruled, and judgment was rendered accordingly. This appeal has been prosecuted to review that judgment.

The objections filed were, that the improved property, which was a home for students attending the University of Chicago and who were members of the Psi Upsilon Fraternity, belonged to the objector, a charitable organization, and was used during the year 1927 for charitable and educational purposes; that the county court had in the years 1924 and 1925 held the same property exempt from taxation, and that so long as the use and ownership of the property remained the same those decisions were conclusive that the objector's property was exempt.

The question whether or not this particular property was exempt from taxation has been before this court on two previous occasions. In 1924 application was made for judgment and order of sale of the lot here involved for delinquent 1923 taxes. Objections were filed by the fra-

ternity on the ground that the objector was a corporation not for profit but was a charitable organization and used the property for charitable and educational purposes. After a full hearing on the merits it was adjudged that the property was exempt from taxation for the year 1923 and thereafter so long as owned and used by the corporation for charitable uses and purposes. In 1925 application for judgment and order of sale of the same property was made for delinquent 1924 taxes. The objections thereto were, that the property was owned by a charitable organization and was used for charitable and educational purposes; that the objects of the objector and the use of the property were the same during the year 1924 as they were during 1923, and that the county court sustained objections to the 1923 taxes. The objections were sustained at the July term of the county court. During the August term of the county court the objections previously sustained were overruled and judgment entered against the land. An appeal was prosecuted to this court by the objector on the ground that the order of the county court entered during its August term was void for want of jurisdiction. The contention of the appellant was sustained. (*People* v. *Psi Upsilon Fraternity,* 320 Ill. 326.) In 1926 application was made for judgment and order of sale of the property for delinquent 1925 taxes. Objections were filed on the ground that the property was owned by a charitable organization and was used for charitable and educational purposes; that the objects of the objector and use of the property were the same during the year 1925 as they were during 1923 and 1924, and that it was adjudged by the county court of Cook county that the property was exempt from taxation for the years 1923 and 1924 because it was used for charitable and educational purposes. A full hearing on the merits was had, the objections were overruled and judgment was entered against the property. An appeal to this court was perfected by the objector. Appellant in that case contended

that the judgments of the Cook county court in 1924 and 1925 sustaining objections to the applications for judgment and sale for the taxes of 1923 and 1924 and holding the property was exempt, and the use and ownership of the property not having been changed but being the same, were conclusive that the property was exempt. This court approved that contention. (*People* v. *Psi Upsilon Fraternity*, 324 Ill. 540.) In 1927 application was made for judgment and order of sale of the property for delinquent 1926 taxes. Objections were filed setting forth practically the same grounds as alleged and contended for in the objections for the previous year. A hearing was had and the county court sustained the objections.

The objections to taxes for the years 1923 and 1924, the orders sustaining the objections thereto, the objections to taxes for the year 1925, and the mandate of this court reversing the order of the county court overruling those objections, were introduced in evidence and made a part of this record. The proof shows there had been no change in the use or ownership of the property during the year 1927 from that which existed during the previous years of 1923 to 1926, inclusive. The transcript of the evidence in the suit for collection of the 1923 taxes was not available for use, and counsel for appellee was permitted to testify, over appellant's objection, that according to counsel's recollection it did not appear in that case that some rooms in the fraternity house were during the summer months rented out to other students not members of the objector fraternity. The objector's evidence was positive that during the summers of the years 1923 to 1927, inclusive, some rooms of the fraternity house had been rented out to other students attending the University of Chicago, and there had been no change whatever in that respect.

Appellant contends that a judgment sustaining objections to the collection of taxes is conclusive in an action to collect taxes for subsequent years where the property was

adjudicated exempt on the same grounds and there has been no change. This was the rule announced in *People v. Psi Upsilon Fraternity,* 324 Ill. 540, heretofore cited.

Appellee contends that the renting of rooms in the house during the summer months was not disclosed in the previous hearings, and that an adjudication obtained upon an incomplete set of facts will not bind the parties upon the principle of estoppel by verdict. We think this record clearly discloses that practically the same objections were filed each year to the application for judgment and order of sale for alleged delinquent taxes. The question decided several times in favor of the Greek letter fraternity was that the use and ownership of its property were such that the property was exempt from taxation as property owned by a charitable organization and used for charitable and educational purposes. The proof of appellee does not establish that the question of collecting some room rent from other university students for the summer months was not fully considered in any or all of the previous tax hearings. Such an incidental use would not have prevented the property from being exempt or have had any decisive weight in determining that question. It is the primary use to which property is put which determines whether it is exempt from taxation, and the conclusion in each case depends upon the facts. *School of Domestic Arts v. Carr,* 322 Ill. 562.

This record does not show any change in ownership or use of the property, and we think the previous judgments of the county court exempting the property here involved from taxation are *res judicata* of this case.

The county court erred in overruling the objections of appellant, and the judgment of that court is therefore reversed.

*Judgment reversed.*