(No. 19992.—

THE PEOPLE *ex rel.* Fred L. Endicott, County Collector, Appellee, *vs.* ALBERT M. PRATHER *et al.* Appellants.

*Opinion filed February 18, 1931—Rehearing denied April 22, 1931.*

STONE, J., dissenting.

H. Ernest Hutton, for appellants.

Elmer O. Furrow, State's Attorney, Ray & Young, Lewman & Carter, and Jones, McIntire & Jones, (I. Ray Carter, and O. M. Jones, of counsel,) for appellee.

Mr. Justice Orr delivered the opinion of the court:

This appeal was taken from a judgment of the county court of Vermilion county overruling objections of appellants and entering a judgment order for the sale of lands owned by them because of non-payment of the second installment of a drainage assessment. The principal question presented by this record is whether the appellee is estopped from collecting the second installment of a drainage district assessment by reason of a former decision of this court, (*People* v. *Prather*, 322 Ill. 280,) which sustained appellants' objections to the payment of the first installment of the same assessment.

At the June term, 1926, of the county court of Vermilion county the county collector applied for an order and judgment of sale of the lands of appellants because of the non-payment of the second installment of a drainage assessment levied by Drainage District No. 3 in Grant and Ross townships of that county. This district was organized in 1920 under section 76 of the Farm Drainage act of 1885. A special assessment was levied against the property of the district, to be paid in four annual installments, based upon a classification prepared by the two highway commissioners. At the June term, 1925, appellants in the present case filed objections to the first installment of this assessment. The county court overruled these objections and the objectors appealed the cause to this court, which reversed the

decision of the county court, (*People* v. *Prather, supra,*) holding, *inter alia,* that jurisdiction was lacking to spread the assessment because the jurisdictional provisions of the statute had not been complied with, and it remanded the cause to the county court. Thereafter a final order and judgment were entered by the county court sustaining all the objections which had been filed to the first installment except those relating to the original organization of the district. The county treasurer took exceptions to the final judgment of the county court sustaining all such objections and denying judgment and order of sale and prayed an appeal to this court, but such appeal was never perfected and no writ of error was sued out to review such final judgment. The time permitted by law for appeal or writ of error from that judgment has now passed and the judgment of the county court as to the first installment is a final judgment and order which has not been reversed and can not now be reviewed. When the second installment of the same assessment became due in 1926 appellants filed the same objections to the application for judgment and sale as they had formerly filed to the first installment, excepting those relating to the organization of the district. Other objections were filed, including an objection that the adjudications of the county court and the Supreme Court holding the first installment of the assessment void are *res adjudicata;* that the first installment was based upon the same classification and assessment roll as the second installment, and that the first installment having been declared void and a final unreversed judgment denying the order of sale against the same lands having been entered, with no appeal or writ of error therefrom, created an estoppel by verdict as regards the second installment. Evidence was introduced at the hearing on the objections to the second installment sufficient to show that the parties, subject matter and questions involved at the hearing were the same as those involved in the former proceeding on the first in-

stallment, and it was stipulated that both installments were part of the same assessment.

It is contended by counsel for appellee that because certain amendments have been made to the commissioners' records, the judgment on the first installment is not a bar to a judgment on subsequent installments of the same assessment on the same tracts of land. We cannot agree with that contention. This court has had the identical question here under consideration at different times and has uniformly held otherwise. In *Markley* v. *People,* 171 Ill. 260, it was held that although the subject matter of the two applications for judgment is not the same, one being for the fourth installment and the other for the fifth, still they are both parts of one assessment and based on one judgment of confirmation, and it was there held that a judgment holding the assessment void on the fourth installment was *res adjudicata* in the hearing on the fifth installment. Likewise in *People* v. *Locklin,* 273 Ill. 106, where the trial court held that its judgment as to the second installment was erroneous and therefore not binding on the court in its consideration of the third installment, this court reversed the judgment, holding that even if the judgment of the county court as to the second installment was erroneous, it was a final judgment and therefore *res adjudicata* when the same question was raised as to the third installment, citing *Jenkins* v. *International Bank,* 111 Ill. 462, and *People* v. *Whittaker,* 254 id. 537. The decisions of this court are all in accord with this position, a few of the many being *People* v. *Psi Upsilon Fraternity,* 324 Ill. 540; *Central Investment Co.* v. *Melick,* 267 id. 564; *Marie M. E. Church* v. *Trinity M. E. Church,* 253 id. 21; *Herschbach* v. *Cohen,* 207 id. 517.

In sustaining objections to the first installment of this same assessment in *People* v. *Prather, supra,* this court's decision was on the merits, as a review of the exhibits and testimony of witnesses then disclosed the failure of the

commissioners to follow the statutory requirements in classifying the lands. The present commissioners, by many insertions and alterations, have sought on the hearing with reference to the second installment to amend the former record, and have added twenty-seven sheets of typewritten matter of purported proceedings which are alleged to have occurred seven years before, under other commissioners and another clerk. · By virtue of these corrections and alterations they now claim the second installment is exempt from the bar of the former decision. The amendments were made to state facts which they claim existed in 1920, or five years before the hearing was had in the county court on the first installment of this drainage tax. We shall not consider at length the insufficient proof presented in support of these amendments, none of which was verified by the testimony of the drainage commissioners or clerk holding office seven years earlier (1920), when the acts are alleged to have taken place, because even newly discovered evidence does not prevent the application of *res adjudicata*. Many, perhaps a majority, of the cases in which the doctrine of *res adjudicata* is enforced are cases in which facts have been discovered after the adjudication, which, if they had been known at the former trial, might have changed the result. A judgment or decree which necessarily affirms the existence of any fact is conclusive upon the parties and their privies whenever the existence of that fact is again in issue between them. (*Gould* v. *Sternberg,* 128 Ill. 510.) This court had a similar question before it in *People* v. *Waite,* 243 Ill. 156, where an effort was made to collect delinquent drainage assessments for the years 1905 and 1908 after objections of the same party to the assessments for the years 1906 and 1907 had previously been affirmed, this court there holding: "A judgment of affirmance finally settles and puts an end to the controversy and concludes the parties, whether the merits are considered on the appeal or not. * * * The judgment of affirmance as to

the assessment of 1906 and the judgment of the county court as to the assessment of 1907, based on the same classification as the assessments of 1905 and 1908 here involved, operate as an estoppel by judgment. The controlling fact in all cases being the same, the adjudications were conclusive of the same question in these cases,"—citing *Wright* v. *Griffey,* 147 Ill. 496, *Louisville, New Albany and Chicago Railway Co.* v. *Carson;* 169 id. 247, and *Markley* v. *People, supra.* The controlling fact—*i. e.,* the lack of jurisdiction of the drainage commissioners to classify the lands of appellants for assessment—was adjudicated in the former suit, (*People* v. *Prather, supra,*) and the cause was there remanded to the county court for further proceedings, following which the objection that no jurisdiction had been acquired to classify the lands was sustained. The adjudication is conclusive of the same question in the present suit between the same parties. *Hoffman* v. *Hoffman,* 330 Ill. 413.

It is urged that a validating act of the legislature passed in 1927 (Cahill's Stat. 1929, chap. 42, par. 206, subdiv. 4-8,) has cured all defects. However, this curative act could not operate to defeat the rights of appellants which had become vested when the judgment sustaining the objections to the first installment were entered by the county court on remandment from this court. The curative act was not passed until after that date. The legislature by curative act cannot destroy vested rights and make a valid proceeding out of one previously declared void. (*People* v. *Hartquist,* 311 Ill. 127.) It cannot cure the want of power to act. (*People* v. *Illinois Central Railroad Co.* 310 Ill. 212.) A tax levied which is not authorized by law is illegal and the legislature cannot validate it by a curative act. (*People* v. *Bell,* 309 Ill. 387.) Appellants' right of defense is a vested right and is a remedy of which they cannot be deprived without a violation of constitutional guaranties. (*Board of Education* v. *Blodgett,* 155 Ill. 441.)

The provisions of the validating act therefore cannot be applied to defeat the vested rights of appellants.

No question as to the constitutionality of the validating act has been raised nor is the same passed upon in this opinion.

The judgment of the county court of Vermilion county is reversed.

*Judgment reversed.*

Mr. JUSTICE STONE, dissenting:

I do not concur in the foregoing opinion. This court in *People* v. *Prather,* 322 Ill. 280, did not find that there was no classification of the lands of the district by the commissioners. That holding was limited to finding that there was no record showing proper steps for such classification. There has been no holding of this court, prior to the present opinion, that the records of drainage commissioners or other collective bodies cannot be amended to speak the truth. On the contrary, in the *Prather case* it is intimated that the files shown to exist in the clerk's office might form the basis of such an amendment. To hold otherwise is to run counter to numerous decisions of this court. The right to amend their records is common to collective bodies generally. (*City of Chicago* v. *McCluer,* 339 Ill. 610; *Village of Crotty* v. *Domm,* 338 id. 228; *Phenicie* v. *Board of Education,* 326 id. 73; *People* v. *Boys,* 326 id. 97; *People* v. *Hartquist,* 315 id. 228.). Such collective body may amend its records at any time, whether it has the same or a different clerk at the time of such amendment. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 Ill. 195; *People* v. *Zellar,* 224 id. 408; *People* v. *Madison County,* 125 id. 334; *Turley* v. *Town of Logan,* 17 id. 151.) The holding in the opinion that the reversal of the judgment for the first installment of the assessment in this case is *res judicata* of the right to collect subsequent installments directly overrules *People* v. *Cohen,* 219 Ill. 200. That case

arose on an application of the county collector for a judgment and order of sale for a delinquent second installment of a special assessment for a local improvement. It was urged there, on like argument as here, that as this court had determined in *Eustace* v. *People,* 213 Ill. 424, that the first installment of that assessment was invalid, such earlier decision was *res judicata* of the validity of the second installment; that since in the *Eustace case* it was held that the record did not show the improvement completed in accordance with the ordinance and the judgment for sale was for that reason reversed, such earlier decision controlled the court in the case respecting a second installment of the same assessment. This contention was not sustained, but it was there held that an order of this court reversing a judgment and remanding the cause generally (as was done in the *Prather case*) has the effect only of a final judgment upon the facts then in the record; that the record before the court in the *Cohen case* was not the same as in the *Eustace case* and the latter was not *res judicata* of the essential facts shown on the record in the *Cohen case.* The judgment of the county court sustaining objections to the second installment there involved was reversed and the cause was remanded, with directions to enter judgment and order of sale in conformity with the application. The facts there and here are in their effect substantially parallel. The drainage commissioners had power to amend their records to speak the truth. As amended, those records show that all necessary steps were taken to classify the lands of the district.

The cases cited in the opinion which involve taxes or assessment installments are: *People* v. *Psi Upsilon Fraternity,* 324 Ill. 540, which holds that a judgment sustaining objections to a tax on property that is exempt is conclusive on actions to collect later assessed taxes on such property where there has been no change as to the exemption; *People* v. *Locklin,* 273 Ill. 106, where the judgment of confirmation

of the assessment roll was wholly void for want of jurisdiction in the court ordering confirmation; and *Markley* v. *People*, 171 Ill. 260, where the ordinance on which the assessment was based was wholly void. These cases do not control here. In this case no frailty in the district or power of the commission to classify the lands exists. The question is whether such classification was made. The commissioners' records did not show in the proceedings to collect the first installment that the lands had been classified. On the hearing in this case the records as amended showed such classification. The district should be allowed to collect this and the remaining installments of the assessment.